[L. A. No. 61.   Department One.—October 10, 1896.]

AMELIA B. BAKER ET AL., RESPONDENT, *v.* THE SOUTHERN CALIFORNIA RAILWAY COMPANY, APPELLANT.

ACTION FOR LOSS OF ANIMALS — UNFENCED RAILROAD TRACK — TITLE TO LAND—TRANSFER FROM JUSTICE'S TO SUPERIOR COURT—APPELLATE JURISDICTION.—An action brought in justice's court for the loss of animals of less value than three hundred dollars, killed upon the unfenced track of the defendant's railroad, in which issue is taken as to plaintiffs' ownership of the land through which the railroad passed upon which the animals were killed, is properly transferred from the justice's to the superior court, as being within its original jurisdiction; and the supreme court has appellate jurisdiction over the entire cause, though the points raised

upon the appeal do not affect the matter giving jurisdiction to the superior courts.

ID.—AMENDMENT OF COMPLAINT IN SUPERIOR COURT.—The superior court has jurisdiction in such action, to allow an amendment to the complaint, when the amended complaint, as well as the original, shows upon its face that the title or possession of real estate is involved in the action, and such amendment may be allowed in other respects, to the same extent as if the action had been commenced in the superior court.

ID.—NOTICE OF MOTION TO AMEND—LEAVE WITHOUT NOTICE—HARMLESS RULING.—Notice should be given of a motion for leave to file an amended complaint, but where, for aught that appears in the record upon appeal, the motion should have been granted had due notice been given, the granting of leave to amend without notice is without prejudice.

ID.—PLEADING—KILLING OF ANIMALS AT STATION IN HIGHWAY—ABSENCE OF DUTY TO FENCE TRACK.—A complaint for the loss of animals killed upon a railroad track which alleges that the animals strayed without the fault of plaintiff upon the track and grounds of defendant at a railway station, and that, at or near where they were killed, there is a public highway transsecting defendant's railway, shows on its face that there was no duty or right of the defendant to fence its road upon the highway where the animals were killed.

ID.—INSUFFICIENT AVERMENT OF ABSENCE OF FENCE.—An averment in an amended complaint that "defendant's railway is not fenced on either side thereof," relates only to the date of the filing of the amended complaint, and is not sufficient as an averment that the railway was unfenced at the time when the animals were killed.

ID.—UNCERTAINTY—GENERAL AND SPECIFIC ALLEGATIONS OF NEGLIGENCE. Where the complaint for the loss of the animals averred generally that defendant so carelessly and negligently ran and managed its cars and locomotive as to kill and destroy the animals, and also specifically alleged failure of the defendant to fence its track, and its failure to ring, or cause to be rung, a bell at or near the public highway, the complaint is demurrable for uncertainty as to whether the cause of action is based upon the alleged negligent acts in the management of the train, or upon failure of the defendant to fence its track or right of way.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion.

*William J. Hunsaker*, for Appellant.

It is well settled that the jurisdiction of the superior court, in cases transferred to it from the justices' court by virtue of section 838 of the Code of Civil Procedure, is special, and that the action must be tried and deter-

mined upon the pleadings filed in the justice's court.
(*Santa Cruz* v. *Spreckels,* 57 Cal. 133; *Santa Cruz* v.
*Santa Cruz R. R. Co.,* 56 Cal. 143; *Arroyo Ditch etc. Co.*
v. *Supreme Court,* 92 Cal. 52; 27 Am. St. Rep. 91.)   The
amended complaint does not state facts sufficient to con-
stitute a cause of action.   The allegation in the amended
complaint that defendant's right of way is not fenced,
is wholly insufficient to show that it was not fenced at
the time the cattle are alleged to have been killed.
(*Fredericks* v. *Tracy,* 98 Cal. 658; *Affierbach* v. *McGovern,*
79 Cal. 268.)   A railroad company is not required to
fence its track where it crosses a public highway.
(*Indiana etc. Ry. Co.* v. *Gapen,* 10 Ind. 292; *J. M. & I.
R. R. Co.* v. *Huber,* 42 Ind. 173; Thornton on Railroad
Fences and Private Crossings, 162, and cases cited;
*Long* v. *Central Iowa Ry. Co.,* 64 Iowa, 657.)   Nor is de-
fendant liable for the killing of the stock resulting
from a failure to fence its station grounds at Sorrento.
(Thornton on Railroad Fences and Private Crossings,
sec. 91, and cases cited; *Russell* v. *Hannibal etc. R. R. Co.,*
26 Mo. App. 368.)   The allegations of the amended
complaint are wholly insufficient to disclose a liability
on defendant based upon section 486 of the Civil Code.
(*Toudy* v. *Norfolk etc. R. R. Co.,* 38 W. Va. 694; *Fisher*
v. *Pennsylvania R. R. Co.,* 126 Pa. St. 293; *Van Note* v.
*Hannibal etc. R. R. Co.,* 70 Mo. 641.)   The amended
complaint was uncertain in the particulars specified in
the demurrer thereto, and the demurrer should have
been sustained on that ground.   (*Nevada County etc.
Canal Co.* v. *Kidd,* 37 Cal. 282; *White* v. *Cox,* 46 Cal.
169.)   This court has jurisdiction to entertain this ap-
peal.   (Const., art. VI, secs. 4, 5; Code Civ. Proc., secs.
52, 76, 963; *Baker* v. *Southern Cal. Ry. Co.,* 110 Cal. 455;
*Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 132; *Copertini* v.
*Oppermann,* 76 Cal. 181; *Holman* v. *Taylor,* 31 Cal. 338.)

*Withington & Carter,* for Respondents.

The amount in controversy being less than three
hundred dollars, and no question as to the title or pos-

session of real estate being raised on appeal, this court is without jurisdiction. (*Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 148; *Santa Cruz* v. *Spreckels*, 57 Cal. 133; *Gorton* v. *Ferdinando*, 64 Cal. 11; Const., art. VI., sec. 4; *Oullahan* v. *Morrissey*, 73 Cal. 297; *Langan* v. *Langan*, 83 Cal. 618; *Salmina* v. *Juri*, 96 Cal. 420; *Fairbanks* v. *Lampkin*, 99 Cal. 429.) This case, when transferred to the superior court, is to be tried upon the pleadings, oral or written, in the justice's court or any amendments thereto. (Civ. Code, sec. 838; *Santa Cruz* v. *Santa Cruz Ry. Co.*, *supra; Arroyo etc. Co.* v. *Superior Court*, 92 Cal. 52; 27 Am. St. Rep. 91.) And the complaint and findings in this case are certainly sufficient, since they show the nature of the claim. (*Ancker* v. *McCoy*, 56 Cal. 524; *Stuart* v. *Lander*, 16 Cal. 374; 76 Am. Dec. 538.) Citations of appellant only decide that an amendment by the party transferring, which abandons the jurisdictional averments authorizing the transfer, is not allowable. (Code Civ. Proc., sec. 838; *Butler* v. *King*, 10 Cal. 342; *Kitts* v. *Superior Court*, 62 Cal. 203; *Ketchum* v. *Superior Court*, 65 Cal. 494.) No error appears in overruling defendant's demurrer. Negligence may be charged in general terms. (*Smith* v. *Buttner*; 90 Cal. 95; *House* v. *Meyer*, 100 Cal. 592.) The averment as to the bill may be omitted, and plaintiff's cause of action is stated. (*Hulsman* v. *Todd*, 96 Cal. 228; *McCann* v. *Pennie*, 100 Cal. 547.) There is no uncertainty in the particulars declared in the special demurrer. If there is a defect, it is cured by the sixth finding. (*People* v. *Rains*, 23 Cal. 127; *Lee* v. *Figg*, 37 Cal. 328; 99 Am. Dec. 271; *San Francisco* v. *Pennie*, 93 Cal. 465.) The recovery of plaintiff is sustained by the failure to fence. (Civ. Code, secs. 485, 486; *Orcutt* v. *Railway Co.*, 85 Cal. 291.)

HAYNES, C.—This action was brought by the plaintiffs in the justice's court to recover the sum of one hundred and thirty dollars, the value of a cow and a steer alleged to have been killed by a train on defendant's road.

An answer was filed in which it was alleged, among other things, that the determination of the action necessarily involved the question of title to, or possession of, real property, and said cause was accordingly certified to the superior court under the provisions of section 838 of the Code of Civil Procedure.

Thereafter, on the twenty-second day of January, 1895, an order was made by said superior court on motion of the plaintiffs, and without notice to the defendant, granting plaintiffs leave to file an amended complaint, and the complaint, upon which this action was tried in said court, was thereupon filed. Afterward, on February 1, 1895, the defendant, upon notice duly given, moved the court to strike out said amended complaint, and to vacate the order under which the same was filed, basing said motion upon various grounds stated therein.

This motion was denied, the defendant demurred to said amended complaint, the demurrer was overruled and an answer filed; the cause was tried by the court without a jury, and findings and judgment were for the plaintiffs, and this appeal is from the judgment and from an order denying defendant's motion for a new trial.

Respondents contend that the amount in controversy being less than three hundred dollars, and no question as to the title or possession of real estate being raised on appeal, this court is without jurisdiction, and that the appeal should be dismissed.

Respondents moved this court in December last to dismiss this appeal upon the ground that it had no jurisdiction to entertain or consider it. That motion was denied, and the opinion of the court then rendered thereon is a sufficient answer to the contention of respondents now made herein. (See *Baker* v. *Southern Cal. Ry. Co.*, 110 Cal. 455.)

The plaintiffs should have given notice of their motion for leave to file an amended complaint, but as the motion, for aught that appears in the record, should

have been granted had due notice of the motion been given, respondents are not prejudiced.

It is quite true the jurisdiction of the superior court must appear on the face of the pleadings certified to it by the justice of the peace, and any amendment of the pleadings which would show that the justice had jurisdiction to try the case would doubtless justify the court in remanding it; but the amended complaint in this case shows, upon its face, that the title or possession of real property was necessarily involved in the action, and therefore the jurisdiction of the superior court was not affected. We see no reason to limit the power of the superior court to permit amendments in any other respect to the same extent as it might do if the action had been commenced therein. Said transfer was made under section 838 of the Code of Civil Procedure, which provides, among other things, that, "From the time of filing such pleadings or transcript with the clerk, the superior court shall have over the action the same jurisdiction as if it had been commenced therein."

The case of *Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 143, cited by appellant, is broadly distinguishable from this case, and does not conflict with what we have said touching the power of the superior court to permit an amended complaint to be filed. In that case, after it had been certified to the district court, the defendant was permitted to withdraw his verified answer, which alleged that the legality of the license was necessarily involved in the case, and to demur to the complaint.

This court held the withdrawal of the answer to be an abandonment of the only issue which gave the district court jurisdiction, and in that connection remarked: "The action should have been tried or determined in the district court upon the pleadings in the justice's court." The amendment made in this case did not eliminate the facts upon which the right to a transfer of the case to the superior court depended, and hence could not affect its jurisdiction.

In *Arroyo etc. Co.* v. *Superior Court*, 92 Cal. 47, 27 Am. St. Rep. 91, it was held that the jurisdiction exercised by the superior court, under the provision of section 838 of the Code of Civil Procedure, is original and not appellate, and, quoting from *Santa Cruz* v. *Santa Cruz R. R. Co., supra*, said: "The superior court had jurisdiction only because the pleadings had before the justice, and filed with its clerk, presented the issue of the legality or the validity of the tax or impost." In this case the issue as to the possession of the plaintiff was as effectual to show jurisdiction in the superior court as the allegation of ownership, and was not such an amendment as affected its jurisdiction.

The defendant demurred to the amended complaint: 1. For want of facts sufficient to constitute a cause of action; and 2. For uncertainty; and said demurrers were overruled.

We think the demurrer should have been sustained. It is alleged in the fourth paragraph of the complaint that the cattle, "without the fault of plaintiffs or of either of them, casually strayed upon the track and ground occupied by the defendant's railway *at Sorrento Station.*"

The fifth paragraph alleges "that defendant then and there, by its agents and servants, and not regarding its duty in that behalf, so carelessly and negligently ran and managed its cars and locomotive that the same ran on and against the said cattle and killed and destroyed the same"; and proceeds to allege that the defendants then and there killed and destroyed said cattle and took and carried away the same, and converted said cattle to its own use.

The sixth paragraph alleged "that at the point where said cattle were killed, taken, and carried away as aforesaid, defendant's railway is not fenced on either side thereof."

The seventh paragraph alleges "that at and near the point where said cattle were taken and carried away as aforesaid there is a public road or highway transecting

said defendant's said railway, and that at the time afore-
said, when said cattle were killed, taken, and converted
as herein stated, the said defendants did not ring, or
cause to be rung, the bell attached to the defendant's said
locomotive at or near said public road or highway, or
at the time of crossing the same."

It will be observed that the complaint nowhere alleges
that it was the duty of the defendant to fence its road
at the place where the cattle were killed. We do not
hold that in a complaint which does not indicate that
the cattle were killed at a place where the company
would not be required to fence their track, that it would
be necessary for the plaintiff to allege such duty.

Section 485 of the Civil Code provides that railway
companies must make and maintain a good and suffi-
cient fence on either or both sides of their track and
property. The same section further provides that where
the railroad corporation pays to the owner of the land,
through or along which its road is located, an agreed
price for making and maintaining such fence, a railway
company is relieved and exonerated from all claims for
damages arising out of the killing or maiming any ani-
mals of persons who fail to construct and maintain such
fence. The latter provision, generally speaking, must
be pleaded by the defendant in defense of the action, as
it will be assumed that it was the duty of the railroad
company to have kept and maintained the fence where
the injury occurred, unless something in the complaint
indicates that at said point it was not their duty, under
said provision of the code, to fence their road. It is
true the section above mentioned does not make any
exceptions as to stations or highway crossings, but the
necessity of the case, as well as other provisions of the
code, show that the railroad company are not only un-
der no obligation to fence their road at particular points,
but have no right to do so. As, for example, they can-
not fence on the sides of their road across a public high-
way transecting it; nor will it be presumed that all
roads or avenues to a station are to be kept closed, or

that the station or station grounds are to be fenced off, so as to prevent access thereto.

Under the allegations of the complaint that the cattle "strayed upon the track and ground occupied by the defendant's railway at Sorrento station," and that "at or near the point where said cattle" were killed there is a public highway crossing the railroad, and that no bell was rung at said crossing, the inference or presumption is that, at the place where the cattle strayed upon the road or were killed, not only no duty rested upon the defendant to fence its road, but that it had no right or authority to fence it.

Besides, the allegation in paragraph 6 "that defendant's railway *is* not fenced" is an allegation of a condition existing at the time the amended complaint was filed—which was nearly a year after the cattle were killed—and, for aught that appears, the railway may have been fenced at that time, though destroyed by fire or removed subsequently.

It is true that cattle may be negligently killed or injured at a place where there is no duty or obligation on the part of the railway company to fence its track, and the company be liable therefor. In the complaint before us there is a general allegation of carelessness on the part of the defendant in managing its cars and locomotive, but there are also in the complaint two specifications of particulars in which it is alleged the defendant was negligent, or of facts which it is contended constitute negligence; the one being that the railway is not fenced, and the other that defendant did not ring, or cause to be rung, a bell at or near said public road or highway, or at the time of crossing it. One of these points was included in defendant's special demurrer, which, we think, should have been sustained, inasmuch as the complaint is uncertain as to whether plaintiff's cause of action is founded upon the alleged negligent acts of the defendant in the management of its train, or upon the failure of the defendant to fence its track or right of way.

If the defendant so negligently managed its train that it would have been liable for killing the cattle at a place where they were not required to fence the road, and it were so alleged, a cause of action would be stated; but when the failure to fence, or the failure to ring the bell, are added as allegations of fact tending to show the liability of defendant, the complaint at once becomes uncertain.

Besides, if the complaint be construed as alleging that the cattle were killed through the negligence of the appellant in managing its train at a place or point where it was not required to fence its track, the finding of the court would not be consistent with such allegation, since it is stated in the sixth finding, that the killing of the cattle was due to the negligence of the defendant in failing to fence its tracks, and in failing to ring its bell; and there is no finding of any other negligence on the part of the appellant. It may also be noted, in passing, that there is nothing to indicate that the property described in the fourth finding as that occupied by the plaintiffs is the property described in the complaint.

The judgment and order appealed from should be reversed with leave to the plaintiffs to amend their complaint if so advised.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with leave to the plaintiffs to amend their complaint if so advised.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.