[L. A. No. 6660. In Bank.—September 13, 1920.]

ELIZABETH STEPHAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL—AMENDMENT OF PLEADINGS.—Upon appeal from the justice's court the parties may amend their pleadings and the defendant may set up a defense which was not presented at all in the justice's court.

[2] ID.—REDUCTION OF AMOUNT OF COUNTERCLAIM—RIGHT OF APPELLANT.—On a justice's court appeal, the right to amend the answer and set up a counterclaim for an amount within the jurisdiction of the justice's court is not lost by reason of the fact that the defendant set up a counterclaim upon the same facts in the justice's court for an amount in excess of the jurisdiction of such court.

[3] ID.—IMPOSITION OF COSTS—DISCRETION.—In the case of such an amendment it is within the discretion of the superior court to

exact the payment of costs from the party seeking to amend so as to afford the other party relief from costs which he might not have incurred had a proper pleading been presented in the first instance.

[4] JUSTICES' COURTS—ACTION FOR FRAUD OR DECEIT—DEMAND LESS THAN THREE HUNDRED DOLLARS—JURISDICTION.—Justices' courts have jurisdiction of actions for damages for fraud or deceit where the amount of the recovery sought is less than three hundred dollars.

APPLICATION for a Writ of Certiorari to review a judgment on an appeal from a justice's court. Leslie R. Hewitt, Judge. Denied.

The facts are stated in the opinion of the court.

J. W. Hocker for Petitioner.

Charles W. Hoag and Neighbours, Hoag & Burke for Respondents.

THE COURT.—The facts in this case are that the plaintiff brought an action in the justice's court for recovery of money on a contractual obligation, the recovery sought being for $201, so that the cause came within the jurisdiction of the justice's court which extends only to action for less than three hundred dollars. The defendant filed an answer, the essence of which was a counterclaim against the plaintiff for five hundred dollars. Of this counterclaim the justice's court did not have jurisdiction, since the recovery sought against the plaintiff upon it exceeded three hundred dollars. (*Malsof* v. *Vaughn*, 23 Cal. 61; *Maxfield* v. *Johnson*, 30 Cal. 545.) The justice gave judgment for plaintiff, either ignoring or deciding against the defendant's counterclaim. The defendant then appealed to the superior court on questions both of law and fact, so that that court had jurisdiction to try the case *de novo*. In the superior court the defendant amended her counterclaim so that it showed damage to the defendant by reason of the plaintiff's alleged wrongful acts in the amount of two hundred dollars only, and sought to recover only this amount by having it set off against the plaintiff's claim. In other words, the counter-

claim as so amended was one of which the justice's court would originally have had jurisdiction. On the trial in the superior court, the court, over the objection of the plaintiff that it had no jurisdiction of the counterclaim, proceeded to try the issues presented by it, found in favor of the defendant thereon, and set off the amount thereof against the plaintiff's claim, and gave judgment that the plaintiff take nothing. The plaintiff now asks for a writ of review annulling this judgment on the ground that the superior court had no jurisdiction of the counterclaim.

[1] Upon appeal from the justice's court, the parties may amend their pleadings, and the defendant may set up a defense which was not presented at all in the justice's court. (*Ketchum* v. *Superior Court*, 65 Cal. 494, [4 Pac. 492]; *Baker* v. *Southern California Ry. Co.*, 114 Cal. 501, [46 Pac. 604].) It follows that in this case, if the defendant had set up no counterclaim in the justice's court, she could, by amendment to her answer, have set up in the superior court for the first time the counterclaim which she did finally set up, one for two hundred dollars. [2] The question therefore presented here is, did the defendant lose the right to amend her answer in the superior court and set up a counterclaim for two hundred dollars, because of the fact that she had previously set up a counterclaim upon the same facts for five hundred dollars, or an amount in excess of the jurisdiction of the justice's court. We see no reason for so holding. The jurisdiction of the superior court to try the issues presented by the pleadings of the defendant in such a case must depend upon the state of the pleadings at the time of the trial. At that time the counterclaim presented by the defendant was one within the jurisdiction of the justice's court, and one which the superior court had therefore the right to hear on appeal in a justice's court action. This was enough.

[3] It should perhaps be said that in case of such an amendment as that made here being asked for, it is within the discretion of the superior court to exact the payment of costs from the party seeking to amend so as to afford the other party relief from costs which he might not have incurred had a proper pleading been presented in the first instance. The matter of permitting amendments and the matter of costs are of course almost entirely within the dis-

cretion of the trial court. Certainly no question of jurisdiction is presented by the action of the court upon such matters.

Writ denied.

Olney, J., Shaw, J., Wilbur, J., Lennon, J., Sloane, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on October 11, 1920:

THE COURT.—Rehearing denied. We would say, however, that in our former consideration of this case we assumed that a justice's court has jurisdiction of actions for damages for fraud or deceit where the amount of the recovery sought is less than three hundred dollars. In petitioner's brief the view was taken apparently that such an action was one in equity and for that reason not within the jurisdiction of the justice's court. This point we did not deem it necessary to discuss, since such an action is without doubt a common-law action for damages for a tort. The point, however, is now made in effect that even if it be a common-law action for a tort it does not come within the instances enumerated by the statute as those of which the justice's court may take jurisdiction.

The statute applicable is subdivision 2 of section 112 of the Code of Civil Procedure, which gives the justices' courts jurisdiction "In actions for damages for injury to the person or for taking, detaining, or injuring personal property, or for injury to real property where no issue is raised by the verified answer of the defendant involving the title to or possession of the same, if the damage claimed do not amount to three hundred dollars." Taking this language by itself, there might be some question as to whether an action for damages for fraud or deceit was one "for taking . . . or injuring personal property." But the section must be construed in connection with the other provisions of the code and of the constitution governing the matter of the respective jurisdictions of our different courts. Section 5 of article VI of the constitution and section 76 of the Code of Civil Procedure provide in effect that the superior courts shall have

jurisdiction of common-law actions for damages only when the demand of the plaintiff is equal to three hundred dollars. The result is that if a justice's court does not have jurisdiction of an action for damages for fraud or deceit where the amount of the demand is less than three hundred dollars, no court has jurisdiction of it. The constitution and the code undoubtedly intended to provide a consistent and complete scheme for the administration of justice, so that relief might be given in every case where a party was entitled to it. [4] With this in mind, there is but one reasonable construction which it is possible to give to the code provision as to justices' courts, and that is that those courts have jurisdiction of all actions, formerly at common law, for tort where the demand is for less than three hundred dollars, except of course for torts to real property in certain instances.

We might add, as worthy of note, that Chitty, in giving the forms of declaration in common-law actions, includes under the head of forms for torts to personal property, forms in actions for deceit. (2 Chitty on Pleading, 679.)

All the Justices concurred.