[Civ. No. 11329. First Appellate District, Division Two.—March 7, 1940.]

PALM SPRINGS LA QUINTA DEVELOPMENT COMPANY (a Corporation), Appellant, v. KIEBERK CORPORATION (a Corporation) et al., Respondents.

S. W. Newman for Appellant.

Pacht, Pelton, Warne & Black, Isaac Pacht and Alfred P. Chamie for Respondents.

NOURSE, P. J.—The plaintiff sued for declaratory relief and for an injunction. A demurrer to the complaint was sustained with leave to amend, and at the same time the trial court dissolved the temporary restraining order. The appeal is taken from the portion of the order reading "Restraining order is dissolved."

One Kiener had an exclusive sales contract to sell land owned by the Big Bear Land and Water Company. Later he obtained an exclusive sales contract to sell land owned by the Palm Springs Land and Irrigation Company. In these activities he had developed a card index system amounting to about 54,000 cards, referred to as "lead cards", each card representing a "prospect" because of sales of memberships in the Peter Pan Woodland Club or interests in lands owned by the Big Bear or Palm Springs companies. These cards were used by salesmen in the sale of cabin sites on the Big Bear property and later in the sale of lots of the Palm Springs Company. In 1936 Kiener withdrew from business and transferred his interest in the foregoing rights and properties to the plaintiff under a written contract. The appellant claims the right of exclusive possession and use of the "lead cards" under the contract. The respondents rely upon the express terms of the written contract providing that the "Kieberk Corporation is not contracting to sell or convey to you,

your Company, or anyone else, the cabinets or the lead cards in question, but is merely permitting you and the Palm Springs La Quinta Development Company the use of the cabinets and cards under the following conditions:''

The appeal presents a single ''fact'' case. No question of law is involved except this plain, elementary principle, which requires no citation of authority: The granting or denial of a temporary restraining order is left to the discretion of the trial court, and the order should not be reversed except upon a clear showing of an abuse of that discretion.

When the motion to dissolve the temporary restraining order was presented it was heard upon affidavits which appellant concedes embodied ''many controverted questions of fact''. All the essential allegations of the complaint were denied, and facts were alleged in respondents' affidavits to show that appellant was violating the contract, that respondents were not, and that appellant would suffer no damage from any of the acts complained of. Upon this showing the order appealed from was reached after a determination of disputed questions of fact and a showing of lack of diligence by plaintiff. There can be no abuse of judicial discretion under such circumstances when the evidence of the facts upon which it is exercised, if true, support the conclusion reached. Appellant's appeal rests upon the untenable ground that we should believe its witnesses and then substitute our opinion and judgment on the facts for that of the trial court.

The restraining order was made on September 10, 1936. It was dissolved on October 1, 1936. Under section 527 of the Code of Civil Procedure the life of such an order is ten days unless good cause for continuing it is shown. If, under any interpretation of section 963 of the same code, an order of dissolution of a temporary restraining order is appealable, the failure of the plaintiff to prosecute his motion for an injunction is an important factor in affecting the decision of the trial court on the motion to dissolve the restraining order.

The motion to dismiss the appeal is dismissed. The portion of the order appealed from is affirmed.

Sturtevant, J., and Spence, J., concurred.