[Civ. No. 12147. First Dist., Div. One. Mar. 31, 1943.]

GENERAL DISTILLERS, LTD. (a Corporation), Appellant, v. WHOLESALE LIQUOR DRIVERS-SALESMEN UNION, LOCAL 109 et al., Respondents.

Jos. I. McMullen and Bruce McMullen for Appellant.

Mathew O. Tobriner and Rinaldo Sciaroni, Jr., for Respondents.

KNIGHT, J.—Plaintiff brought this action to enjoin defendants from maintaining pickets in front of plaintiff's place of business. After a hearing at which oral testimony and documentary proof was received, the trial court denied plaintiff a temporary restraining order, and thereafter entered an order sustaining defendants' demurrer to the complaint without leave to amend. Plaintiff took an appeal from each order.

The controversy arose over the failure of the parties to enter into a contract relating to the employment of salesmen in the operation of plaintiff's business. The contract was prepared and submitted to plaintiff by a representative of the defendant union. It was dated July 1, 1941, and delivered to plaintiff about September 1, 1941, but up to November 26, 1941, plaintiff had not signed it. Thereupon the defend-

ant union placed two pickets in front of plaintiff's place of business. It is conceded that the picketing was peaceful. The contract called for a closed shop, and the position taken by plaintiff at the hearing was that it was willing to enter into a union contract with the defendants but that it objected to certain provisions in the contract relating to a closed shop, claiming that it would have been "ruinous" to its business to try to operate under the objectionable provisions. In opposition to the granting of the preliminary restraining order the defendant union contended that the situation fell within and was controlled by recent decisions of the Supreme Court, notably *McKay* v. *Retail Auto. S. L. Union No. 1067*, 16 Cal.2d 311 [106 P.2d 373], and *Shafer* v. *Registered Pharmacists Union*, 16 Cal.2d 379 [106 P.2d 403]. The trial court so ruled, and those cases doubtless sustain its ruling, for it is held therein in effect that where the picketing is peaceful an injunction may not be granted upon the ground that it is being conducted to secure a union or closed shop contract. Moreover and in any event, it is well settled that the granting or denial of a temporary restraining order is left to the discretion of the trial court, and that its order should not be set aside except upon a clear showing of an abuse of that discretion. (*Palm Springs etc. Co.* v. *Kieberk Corp.*, 37 Cal.App.2d 642 [100 P.2d 346].) We find no such abuse of discretion herein.

As to the second appeal, it was taken from the minute order which recited merely that the demurrer was sustained without leave to amend. No final judgment was ever entered thereon. It has long since been held, uniformly, that no appeal lies from an order sustaining a demurrer without leave to amend; that if such appeal is attempted it will be dismissed; that the only method of reviewing such an order is by way of an appeal from the final judgment entered therein, if and when such judgment is entered. (*Braren* v. *Reliable Carpet Wks., Inc.*, 125 Cal.App. 489 [13 P.2d 972] ; *Doran* v. *Sherman*, 18 Cal. App.2d 479 [64 P.2d 442] ; *Beckjord* v. *Slusher*, 22 Cal.App.2d 559 [71 P.2d 820] ; *Scott* v. *Security Title Ins. & Guar. Co.*, 9 Cal.2d 606 [72 P.2d 143, 117 A.L.R. 1049].)

For the reasons stated, the order denying the preliminary restraining order is affirmed, and the appeal from the order sustaining the demurrer without leave to amend is dismissed.

Peters, P. J., and Ward, J., concurred.