VICENTE QUILINCHINI ET AL., Plaintiffs and Appellants, v. CIVIL SERVICE COMMISSION OF PUERTO RICO, Defendant and Appellee.

No. 8892.   Argued April 18, 1944.—Decided May 25, 1944.

*Virgilio Brunet* for appellants.  *M. Rodríguez Ramos, Acting Attorney General, A. E. Franco Cabrero, Deputy Attorney General,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In a proceeding instituted to obtain a declaratory judgment the lower court granted a demurrer for insufficiency of facts. The clerk of said court notified the plaintiff of the order as if it was one from which appeal could be taken. Led into error by the way in which the clerk served the notice, the plaintiff did not move for judgment but appealed to this court. Both parties filed their briefs and presented oral arguments at the hearing but neither alleged that the order was unappealable.

██ The right of appeal is a remedy which only exists when provided by statute or by the constitution. In Puerto Rico, §295 of the Code of Civil Procedure (1933) specifically enumerates the orders or judgments from which appeal can be taken. This enumeration is classified in three groups, which are as follows:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same 'is rendered, within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

There are also special laws which provide for the remedy of appeal or of review by this court, but neither in the three groups contained in §295, *supra,* nor in the above-mentioned special laws is appeal granted from an order overruling or sustaining a demurrer. And it is but logical that it should be so, for such an order is not final.

██ It has been repeatedly held by this court that, besides the appeal taken from a judgment which puts an end to litigation, an order sustaining or overruling a demurrer may be reviewed only if the defeated party asks the lower court to enter a proper judgment based on the order granting the demurrer, and it is from this judgment that an appeal may be taken. *Guasp* v. *Rosch,* 9 P.R.R. 315; *People*

v. *Barnes et al.*, 12 P.R.R. 29; *Hernández* v. *Cabassa et al.*, 14 P.R.R. 450; *Succession of Nieves* v. *Succession of Sánchez*, 17 P.R.R. 837. See also *General Distilleries Ltd.* v. *Wholesale Liquor Drivers-Salesmen, Etc.* (Cal. 1943), 135 P. (2d) 592, and *Madsen et al.* v. *Turlock Irrigation Dist.* (Cal. 1943), 133 P. (2d) 416.

The appeal will be dismissed.

Mr. Chief Justice Travieso did not participate herein.