[Civ. No. 17058.   First Dist., Div. Two.   Feb. 19, 1957.]

T. R. STOCKTON, Respondent, v. MERTON NEWMAN, JR. et al., Appellants.

Phil F. Garvey for Appellants.

Ewart Lytton Merica for Respondent.

KAUFMAN, J.—This is an appeal from an order granting a preliminary injunction enjoining defendants Merton Newman, Jr., and Laura Newman, and their attorney and agents, pending trial of the main action, from enforcing a certain contract dated February 3, 1955, and from proceeding with the sale of certain premises pursuant to a purported notice of default pertaining to a deed of trust dated February 3, 1955.

The original complaint filed on July 6, 1955, contained three causes of action, the first alleging that within the past two years defendants Merton Newman, Jr., and Laura Newman became indebted to plaintiff in the sum of $6,408.91; the second, claiming damages for fraud against the Newmans and certain other defendants in the sum of $12,507.91, and asking punitive damages in the sum of $10,000; the third alleging that the Newmans within the two years last past had become indebted to plaintiff in the sum of $4,099. The second cause of action alleged that certain representations were made by defendants Newman and their brokers, also defendants herein, with intent to deceive and defraud plaintiff and to induce him to rely thereon; that they represented that the premises at 2037 Pierce Street, San Francisco were worth the price of $15,800, which plaintiff agreed to and became obligated to pay; that they represented that the seven apartments on the aforesaid premises had been for several months prior to February 3, 1953, lawfully rented to certain persons for a total monthly rental of $235.50 which sum had been received month by month from said tenants, that said representations were false and known by said defendants to be false.

On August 11, 1955, defendants and appellants filed an answer, denying the essential allegations of each of the three causes of action, admitting only that they had been owners of the property at 2037 Pierce Street for several years prior to February 3, 1953, and that on that date, defendants LeDue, Jacobi and Grady were licensed real estate brokers. The answer affirmatively alleged that the property had been worth $15,500 on February 5, 1953, and that the fair market value of said property on July 6, 1955, had decreased to the sum of $10,000, and that plaintiff with full knowledge of the facts alleged in his complaint since February 5, 1953, had neglected to institute action. It was further alleged that on June 3, 1955, plaintiff gave notice of rescission on the ground of fraud, that this is the basis of the first and third causes of action set forth in the complaint, that plaintiff has been

guilty of laches in failing to give notice of rescission from February 3, 1953, to June 3, 1955.

On August 16, 1955, the notice of motion for preliminary injunction was filed accompanied by the affidavit of plaintiff and respondent T. R. Stockton, stating that affiant had received a Notice of Default on or about June 12, 1955, pertaining to the premises at 2037 Pierce Street and a certain Deed of Trust recorded on February 5, 1953, that a sale of said premises is · threatened before October 15, 1955, and that affiant had been advised by his attorney that there is generally no statutory right of redemption where there is a sale under deed of trust. It was further averred that the sale was threatened before the action could be brought to trial and final judgment rendered, that irreparable injury would result to affiant, that it would be difficult to ascertain the amount of compensation that would afford adequate relief, that pecuniary compensation would not afford adequate relief, that unless the threatened sale is prevented a multiplicity of judicial proceedings is probable; that grave and irreparable injury will result to affiant in that if said investment is forfeited he will be without any substantial assets and he will have been compelled to forfeit the savings of a lifetime.

The affidavit of Merton Newman, Jr., in opposition to the motion, admitted that the notice of default was recorded on June 3, 1955, and that there was no statutory right of redemption where there is a sale under deed of trust. Affiant alleged that on June 3, 1955, plaintiff served notice of rescission of the contract for the purchase of the premises at 2037 Pierce Street on defendants, and that the first and third causes of action of plaintiff's complaint were based on said notice of rescission. The affidavit stated that plaintiff was receiving rentals from the aforesaid premises in the sum of approximately $243 per month, and has refused to pay the monthly installment of $128 due under the promissory note secured by the deed of trust since May 13, 1955; that plaintiff seeks the injunction so that he may avoid payment of the monthly installments on the note; that he may, pursuant to provisions of the Civil Code, reinstate the deed of trust and void the notice of default by paying the amounts now in default.

On August 17, 1955, a minute order was made continuing the motion for preliminary injunction.

On August 24, 1955, the first amendment to the complaint was filed alleging a fourth cause of action which was similar

to the second cause of action in regard to the charges of fraud in the real estate transaction. It alleged that notice of rescission had been given to defendants on June 3, 1955, with an offer to restore everything of value received under the contract, and it alleged therein an offer to rescind, prayed for judgment rescinding said contract and ordering defendants to restore the amount received on the purchase price, plus certain sums for improvements made to the property and other damages suffered by plaintiff.

On August 29, 1955, appellants filed a notice of motion to strike the first amendment to the complaint on the ground that it was filed without leave of court and that it was filed without noticed motion setting forth the proposed amendment. On the same date a second amendment to the complaint was filed in open court, which recites that it was made ''upon leave of the above entitled court first duly requested and obtained.'' This amendment to the fourth cause of action alleges that prior to April 16, 1955, plaintiff had performed all promises and conditions of the agreement, and now is so ready and willing to perform, but by reason of the fraudulent representations of defendants is excused from further performance.

The order granting preliminary injunction was filed on August 30, 1955. It recited that on hearing of the motion for preliminary injunction on August 29, 1955, the court had before it the complaint, the first and second amendments thereto, the affidavit of Merton Newman, Jr., memorandum of points and authorities in opposition to application for injunction, notice of motion to strike first amendment to the complaint, supplemental memorandum of points and authorities in support of motion to strike first amendment to the complaint and answer to complaint of the defendants, Merton Newman, Jr., and Laura Newman, and Donald J. Grady. The order recited that it had come on for hearing after having been continued at the request of Phil F. Garvey, Esq. (counsel for appellants) from August 17, 1955 to August 22, 1955, and after having been continued again at the request of the court from August 22 to August 29, 1955.

Appellants assert that error was committed by the trial court in basing its order for a preliminary injunction on the first and second amendments to the complaint. It is their position that the court could not consider these amendments since they were filed without an order made pursuant to five days statutory notice. █ Since the amendments here were after answer filed, they were required to be made with leave

of court. (Code Civ. Proc., § 473.) The party desiring the amendment must ask leave "and in so doing should disclose the nature of the alteration desired, either in his notice of motion or by presenting the proposed amendment." (21 Cal. Jur. pp. 178-179, § 124.) After the granting of the continuance on August 22 at the court's request, the first amendment to the complaint was filed by respondent on August 24, 1955. It was served on appellant, for the register of actions (Resp. Ex. A) shows that the affidavit of service was filed on August 26, 1955. While respondent states that the purpose of the continuance on August 22 was to permit an amendment, appellants dispute that statement, and there is nothing in the record to show the reason for such continuance. At any rate, appellants came to the hearing on August 29, with a lengthy memorandum of points and authorities in support of a motion to strike the amendment, as well as a supplemental memo, both of which the court had before him at the hearing. ■ There can be no question but that appellants were fully advised as to the nature of the amendment. They can hardly contend that they were prejudiced because this amendment clearly stated a cause of action in rescission when they had previously both in their answer and their affidavit in opposition stated that respondent's first and third causes of action were based on the rescission, the notice of which had been served on them on June 3, 1955.

Respondent admits that no minute order granting leave to amend has been found for the first amendment. The trial judge died shortly after these proceedings. The register of actions shows an entry for the second amendment indicating that on August 29, 1955, it was ordered filed in open court. Appellants filed a motion to strike the first and second amendments on August 31, 1955, one day after the injunction had been granted, and on September 13, 1955, it was submitted. No decision thereon had been rendered when the appeal herein was taken.

We must treat the amendments as properly made. The fact that the court recited in its order that it had before it the complaint with first and second amendments thereto, and that it had appellants' memoranda of points and authorities in opposition to these amendments, shows that the court considered that the amendments were properly before it, and had been allowed.

The fact that notice of motion for leave to amend was not given, (if we assume that such leave had not been given)

does not render the amendments void. In *Baker* v. *Southern Calif. Ry. Co.*, 114 Cal. 501 [46 P. 604], it was held that while notice of motion for leave to file an amended complaint should be given, where it appears from the record that leave should have been granted had due notice been given, there is no prejudice. And in *Burks* v. *Weast*, 67 Cal.App. 745, 747 [228 P. 541], a motion to strike an amended complaint was held to have been properly denied, where although the amendment was filed without leave of court, defendant had notice of the real cause of action, and there was nothing in the record to show that he was in any way injured by the action of the court, since he was served with a copy of the amended complaint and had adequate time to prepare for trial. In view of these cases, we conclude that there is no merit in this contention of appellants.

Appellants maintain that respondent was not entitled to a preliminary injunction, since the complaint shows that damages will adequately compensate him for any injury suffered, and in such case the damages are ascertainable. (*Schwartz* v. *Arata*, 45 Cal.App. 596, 601 [188 P. 313].) There is no allegation that appellants are insolvent. It is urged that an injunction is unnecessary to prevent the sale under the deed of trust since by payment of the monthly installments and the charges provided under section 2924c of the Civil Code, such sale could be prevented by respondent.

Appellants do admit that an injunction may be used as a provisional or ancillary remedy to preserve the status quo pending litigation. (Code Civ. Proc., § 526, subd. 3.)

In the present case, respondent has sought inconsistent remedies for the alleged fraud based on the one transaction. If respondent should be granted the equitable remedy of rescission, that would be a disaffirmance of the contract, and he would be ordered to restore the property to appellants upon their repayment to him of everything received under the contract. If the court should decide that respondent had not acted with sufficient diligence to secure the equitable remedy, then damages could be awarded him, and he would retain the property received under the agreement. This remedy would be in affirmance of the contract.

In the present case, since appellants attempted to render the notice of rescission given on June 3, 1955, ineffectual, by filing that same day a notice of default, there was not at that time a binding election made by respondent as to which remedy he must pursue. (See Rest., Contracts, § 485(1);

*Karapetian* v. *Carolan,* 83 Cal.App.2d 344, 347-352 [188 P.2d 809, 1 A.L.R.2d 1075].) ▇ In *Williams* v. *Marshall,* 37 Cal.2d 445, 457 [235 P.2d 372], it is said that ''A defrauded vendee may, in the same action, seek rescission or damages in the event rescission cannot be obtained. (*Bancroft* v. *Woodward,* 183 Cal. 99 [190 P. 445].) There is no good reason why the plaintiff in such an action should be compelled to make an election between these remedies during the course of the trial, and such a rule would be contrary to fundamental principles of law.''

▇ If appellants are allowed to proceed with the sale under the deed of trust, then it is obvious that the prospective judgment, should it be for damages and not rescission, will be rendered ineffective if respondent has been deprived of the subject matter of the contract. It therefore appears that there was a sound basis for the granting of the preliminary injunction. (Code Civ. Proc., § 526, subd. 3.)

While it is true that the sale under the deed of trust could have been prevented by respondent if he had made the payments due under the note plus the other expenses required by section 2924c, Civil Code, within 90 days after notice of default, such payment by him might well be construed as an act in affirmance of the contract. ''Any other act indicating an intent to abide by the contract is evidence of an affirmance thereof and of a waiver of the right to rescind.'' (12 Cal. Jur.2d 417, § 200.) If appellants could thus force respondent to give up his right to rescission the election of remedies would be exercised by the alleged wrongdoer rather than by the party wronged.

It may be said that if appellants proceed with the sale under the deed of trust, respondent will be deprived of this particular piece of property, and such damage may be considered irreparable for in equity each parcel of real property is considered unique. ''Where land, or any estate therein, is the subject matter of the agreement, the inadequacy of the legal remedy is well settled, and the equitable jurisdiction is firmly established.'' (Pomeroy, Equity Jurisprudence, fifth ed., vol. 4, p. 1034, § 1402.)

We conclude that the trial court did not abuse its discretion in granting the preliminary injunction. The burden is on appellants to establish a clear abuse of discretion to entitle them to a reversal. (*Remillard Brick Co.* v. *Dandini,* 47 Cal.App.2d 63 [117 P.2d 432]; *People* v. *Gordon,* 105

Cal.App.2d 711, 722-723 [234 P.2d 287] ; *Palm Springs etc. Co.* v. *Kieberk Corp.*, 37 Cal.App.2d 642 [100 P.2d 346].) Order granting preliminary injunction affirmed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.