Filed 6/11/24  Brothers v. Bank of America CA6
Opinion after vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JEFF BROTHERS, | H050684 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. 21CV001730) |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants and Respondents. | |

After plaintiff Jeff Brothers defaulted on a mortgage loan, a notice of default was recorded.  Alleging that the notice of default failed to account for one of his monthly payments and thus denied him an accurate reinstatement quote, Brothers sued the beneficiary under the deed of trust and the servicer, pleading violations of Civil Code sections 2924, subdivision (a)(1)(C) and 2924c.[1]  He did not allege that he would or could reinstate the loan, if provided an accurate quote.  The trial court ultimately sustained defendants' demurrer without leave to amend.[2]  We affirm.

## I.    BACKGROUND

According to his second amended complaint, Brothers owns real property in Carmel Valley subject to a mortgage loan.  The loan, in the amount of $1.575 million,

---

[1] Undesignated statutory references are to the Civil Code.

[2] Defendants are Bank of America, N.A. and the Bank of New York Mellon fka The Bank of New York.  The two defendants jointly demurred.

was issued in 2006. Brothers made all payments required on the loan through and including December 2018, at which point Brothers "fell on hard times and was no longer able to make his payments." A notice of default was recorded in September 2019. The notice of default incorrectly reflected that Brothers had failed to make the December 2018 payment. The total default, as of August 29, 2019, was stated as $93,285.84. Defendants have refused Brothers's informal requests to correct the recorded document.[3]

Brothers first alleged three causes of action: (1) violation of section 2924c; (2) violation of section 2924, subdivision (a)(1)(C); and (3) violation of the unfair competition law (UCL). He amended the complaint once with a demurrer pending and a second time after the trial court sustained a demurrer with leave to amend only the first two causes of action.

In his second amended complaint, Brothers alleged that defendants violated sections 2924, subdivision (a)(1)(C) and 2924c because they caused a false notice of default to be reported, harming him by rendering him unable to obtain "an accurate reinstatement quote . . . that accounts for the December 1, 2018 payment." Brothers prayed for various forms of relief, including permanent injunctive relief "preventing [d]efendants . . . from collecting on the subject loan and from causing the [p]roperty to be sold," "damages, disgorgement," and "exemplary damages."

The trial court sustained defendants' demurrer to the second amended complaint without leave to amend and entered a written dismissal. Brothers timely appealed.

## II.    DISCUSSION

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

---

[3] Although there are two defendants named in the second amended complaint, the complaint frequently ambiguously refers to "Defendant" in the singular. For present purposes we presume that the plural was intended.

2

In the exercise of our independent judgment, "we accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law. We may also consider matters subject to judicial notice." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 (*Yvanova*).) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment," but "[t]he burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Reviewing the complaint de novo, we accept as true Brothers's factual allegation that the notice of default overstated the amount of his default because it disregarded his December 2018 payment, such that he was unable to obtain an accurate reinstatement quote.[4] (See *Yvanova*, *supra*, 62 Cal.4th at p. 924.) The core question before us is whether these facts state a cause of action. Brothers relies on two statutes, sections 2924, subdivision (a)(1)(C) and 2924c. We are not persuaded that Brothers has pleaded facts sufficient to constitute a cause of action predicated on either statute.

" 'Civil Code sections 2924 through 2924k . . . govern nonjudicial foreclosure sales pursuant to a power of sale contained in a deed of trust.' " (*Matson v. S.B.S. Trust Deed Network* (2020) 46 Cal.App.5th 33, 40, fn. omitted.) Section 2924, subdivision (a)(1) addresses the notice of default required to initiate the nonjudicial foreclosure process. (See *Yvanova*, *supra*, 62 Cal.4th at p. 927.) "The primary purpose of a notice of default is to provide notice of the amount in arrears and an opportunity to cure the default." (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 17.) Section 2924c "allows the borrower to cure the default, reinstate the loan, and avoid foreclosure by paying the amount in default, plus specified fees and expenses."

---

[4] Defendants dispute whether Brothers made all payments on the loan through December 2018, but we do not resolve that factual dispute in our review of the demurrer ruling.

(*Taniguchi v. Restoration Homes LLC* (2019) 43 Cal.App.5th 478, 481 (*Taniguchi*); see also *Turner v. Seterus, Inc.* (2018) 27 Cal.App.5th 516, 527 (*Turner*).)

Brothers's argument that he may pursue claims under sections 2924 and 2924c on the facts he alleged is quite terse—a recitation of the statutes and his factual allegations, and the bare assertion that he sufficiently pleaded violations of each statute.[5] Although our review encompasses "whether the complaint alleges 'facts sufficient to state a cause of action under any possible legal theory' " (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244, italics omitted), we have not identified any viable claim for relief in the facts Brothers has alleged or any reasonable probability of his curing the defect.

First, Brothers has not identified a statute that expressly creates a private right of action for the violation he alleges; neither section 2924 nor section 2924c, subdivision (e) does so. (§§ 2924, 2924c.) And neither statute is among those identified in section 2924.12, which expressly creates a private right of action for material violation of specified foreclosure provisions. (See generally *Lucioni v. Bank of America, N.A.* (2016) 3 Cal.App.5th 150, 157–161 [omission of § 2924, subd. (a)(6), from the provisions listed in § 2924.12 defeats claim for preforeclosure injunctive relief].)

We disagree with Brothers's broad reading of section 2924c, subdivision (e) as creating a private right of action to enforce the terms of section 2924c. Subdivision (e) sets forth the right to reinstatement, clarifies the temporal scope of that right, and expressly protects specified entities from "any manner" of liability for failure to reinstate

---

[5] " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.] Although we exercise our discretion to consider arguments for which we can discern a legal or factual basis in the briefs, . . . '[w]e are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

4

once the right lapses.  Subdivision (e) does not provide a private right of action to enforce the statute writ large.  To the extent Brothers's claims are not predicated on a reinstatement theory, subdivision (e) is beside the point.[6]

Second, to the extent section 2924c, subdivision (e) may be read as implicitly acknowledging a private right to sue for reinstatement of a defaulted loan, Brothers has not alleged a right to reinstatement.[7]  Courts have addressed reinstatement claims under section 2924c in at least three contexts:  (1) preforeclosure, based on excessive reinstatement amounts (*Taniguchi*, *supra*, 43 Cal.App.5th at pp. 482–483, 490); (2) absent a foreclosure, seeking for damages based on costs incurred to secure capital to pay excessive reinstatement amounts (*Shetty v. HSBC Bank USA, N.A.* (2023) 91 Cal.App.5th 796, 802–803 (*Shetty*)); and (3) postforeclosure (*Munger v. Moore* (1970) 11 Cal.App.3d 1, 8 (*Munger*)).  But Brothers has not cited, and we have not identified, authority for a claim challenging an inaccurate notice of default without alleging both the ability and willingness to secure reinstatement by paying the correct amount.  In the foreclosure context, a plaintiff seeking relief based on a procedural irregularity must demonstrate resulting prejudice.  (*Citrus El Dorado, LLC v. Chicago Title Co.* (2019) 32 Cal.App.5th 943, 950 (*Citrus El Dorado*).)  This is because the power to set aside a foreclosure sale is equitable, and equity " 'will not [be] employed for an idle purpose.' " (*Turner*, *supra*, 27 Cal.App.5th at pp. 525–526, 528.)  To reinstate, the debtor must tender, at minimum, all amounts concededly in default under the terms of the loan.  (See *id*. at pp. 525–532.)  So Brothers fails to state a claim without alleging tender of at least

_____

[6] Pointing to section 2924c, subdivision (a), Brothers contends that defendants violated section 2924c by recording an inaccurate notice of default.  But nothing in subdivision (e) expressly or implicitly creates a private right of action to correct a notice of default untethered to an actual attempt to reinstate the loan.

[7] Defendants violated California Rules of Court, rule 8.1115 by citing an unpublished opinion in support of their argument on this issue.  We disregard the improperly cited opinion.

the sum of his missed payments. For example, in *Turner* the debtor satisfied the tender requirement by acknowledging the amount of the default, claiming the ability to pay that amount, and requesting to pay that amount to cure the default. (*Id*. at pp. 521, 531–532.) Brothers has not signaled that he could or would pursue reinstatement if the notice of default were accurate; rather, his factual allegations relating his inability to make his mortgage payments preclude the inference that he can allege such tender.

Brothers implies, without authority, that the absence of an accurate reinstatement quote should excuse his compliance with the tender rule. There are exceptions to the tender rule, including a general exception where it would be inequitable to impose the requirement. (See, e.g., *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112–113 [identifying several equitable exceptions in the postforeclosure context].) But Brothers alleges no uncertainty as to at least the number of payments he missed or the sum of those payments; indeed, he specifically alleges that defendants miscalculated the arrearage by one monthly payment. The alleged inaccuracy thus did not interfere with Brothers's ability to tender at least the amount of his conceded default, or to plead a cognizable reason for not doing so. We can identify no reason why Brothers should be excused from the tender requirement: If he cannot reinstate the loan with an accurate calculation of his default, then his reinstatement action cannot succeed.

Although *Taniguchi* concerns the same sort of claim that Brothers presses—an allegedly overstated reinstatement amount—it does not suggest that Brothers can state a claim without alleging tender. (*Taniguchi*, *supra*, 43 Cal.App.5th at pp. 482, 484.) Reversing summary judgment, the court's analysis turned on a specific legal question about the amounts that could properly be included in the reinstatement amount. (*Id*. at pp. 482–483, 485–491.) Beyond mentioning the plaintiffs' contention that they were entitled to reinstate the loan upon payment of a certain amount, the court had no occasion to address their ability to tender payment in that amount or the adequacy of their pleading that ability to pay.

6

To the extent Brothers may in theory be able to pursue an equitable intervention to protect his statutory right to reinstate the loan, we perceive no reason on the facts alleged why he should be excused from alleging that he could and would make the payment necessary to reinstate the loan if the notice of default were accurate. Again, his reinstatement right has not been materially infringed if he is unable or unwilling to perfect that right. (See *Turner*, *supra*, 27 Cal.App.5th at pp. 525–532; *Citrus El Dorado*, *supra*, 32 Cal.App.5th at p. 950.) Aside from a potential reinstatement claim, we can identify no different cause of action that Brothers's factual allegations may support. For example, without alleging that he would or could exercise his right to reinstatement, Brothers cannot allege that he has suffered damages because of a wrongful refusal to reinstate the loan. (Cf. *Shetty*, *supra*, 91 Cal.App.5th at pp. 802–803; *Munger*, *supra*, 11 Cal.App.3d at p. 8.)[8]

Brothers's cursory citation to *Stockton v. Newman* (1957) 148 Cal.App.2d 558 (*Stockton*), in support of his assertion that "[c]ourts have regularly determined that injunctive relief and damages are available" under section 2924c, is unhelpful. In *Stockton*, the court of appeal affirmed the issuance of a preliminary injunction preventing the sale of certain property pursuant to a notice of default to preserve the status quo pending trial. (*Stockton*, at pp. 559, 561, 563–565.) The Court of Appeal discussed section 2924c only in connection with the appellants' contention that a preliminary injunction was unnecessary because the plaintiff could instead have prevented sale under

---

[8] In *Taniguchi*, the court reversed summary adjudication of a UCL claim predicated on an excessive reinstatement demand under section 2924c. (*Taniguchi*, *supra*, 43 Cal.App.5th at pp. 490–491.) Brothers does not contend that the trial court improperly dismissed his UCL claim. Moreover, consistent with Brothers's failure to allege tender, Brothers has not alleged any economic injury caused by the alleged inaccuracy in the notice of default. (See *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 372.)

7

the notice of default by reinstating the loan.  (*Stockton*, at pp. 563–565.)  *Stockton* does not support Brothers's contention.

Finally, Brothers had ample opportunity to plead prejudice, were there supporting facts to allege.  In each successive demurrer, defendants argued that Brothers failed to state a claim because he failed to allege that he would have reinstated the loan if he had been provided an accurate reinstatement quote.  Despite this repetition, and despite pleading his inability to make past payments, Brothers ultimately amended his pleading to include only the allegation that the inflated statement harmed him in that he was denied an accurate reinstatement quote.

For these reasons, we uphold the trial court's order sustaining defendants' demurrer to Brothers's second amended complaint without leave to amend.

## III.   DISPOSITION

The October 21, 2022 order of dismissal is affirmed.

_____
LIE, J.

WE CONCUR:


_____
GROVER, ACTING P. J.



_____
BROMBERG, J.



*Brothers v. Bank of America, N.A., et al.*
H050684