JENNIE HOLT, Respondent, *v.* GEORGIA WHITE, as President, Called Daughter Ruler of Invincible Temple No. 77, a Subordinate Temple of the Protective Order of Daughter of Elks of the World, an Unincorporated Voluntary Association, Appellant.

First Department, November 4, 1927.

Associations — voluntary associations — expulsion of member — restoration — remedies within association for restoration to membership were not exhausted — delay of sixty-eight days in disposing of plaintiff's appeal within association not unreasonable — time between commencement of this action and trial not part of time in determining reasonableness of delay.

The plaintiff was expelled as a member of the defendant voluntary association. She is not entitled to a judgment restoring her to full membership, since it appears that while she appealed from the decision of the association to expel her she did not await a decision of the appellate tribunal and it cannot be said that a delay of sixty-eight days by the appellate tribunal of the association in rendering a decision on her appeal is unreasonable so as to justify her in the commencement of this action in the absence of any evidence that the appellate tribunal reasonably should have acted within that time or a showing as to when it would convene or the time usually required to dispose of an appeal.

The time between the commencement of this action and the trial thereof cannot be considered in determining whether or not the appellate tribunal of the association unreasonably delayed in rendering a decision, nor can that delay be construed as a refusal to act, for when the plaintiff improperly began this action the association had the right to await the ruling of the court.

APPEAL by the defendant, Georgia White, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of March, 1923, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment ordered that the plaintiff be restored to full membership in defendant organization.

*H. Orlean,* for the appellant.

*Charles E. Toney* of counsel [*Wilford H. Smith,* attorney], for the respondent.

FINCH, J. By the judgment appealed from a membership association has been required to restore to full membership one whom it had expelled upon charges of immorality. The judgment must be reversed, upon the ground that the plaintiff failed to exhaust her remedies within the association before applying to the courts.

The facts, in so far as necessary to indicate the reasons for the decision, are, briefly, as follows: The plaintiff was accused by

a fellow member of the association of having committed adultery with the husband of the complaining member, and charges were filed against her with the association. At the time fixed for trial the person making the charges failed to appear, and for lack of evidence the charges were dismissed. There is a suggestion in the record that the complainant was then ill. Thereafter a second trial was had, at which the plaintiff did not appear although notified. As a result of this trial a resolution was unanimously adopted by the association expelling the plaintiff therefrom. On December 17, 1919, the plaintiff was notified of the action of the association. Six months thereafter the plaintiff appealed to the " deputy daughter " of the association from such expulsion. The notice of appeal appears to have been defective in that it was not accompanied by a brief record of the facts and the respondent was not given an opportunity to answer the same, in accordance with the requirements of the constitution of the association. The deputy daughter, however, acknowledged receipt of the notice of appeal and advised the plaintiff that she could offer her no redress as she found the association had acted according to law. An appeal in the same defective manner was then taken on the 11th day of June, 1920, on behalf of plaintiff to a higher tribunal within the association. Without awaiting a decision from said tribunal this suit was commenced on the 16th day of August, 1920, or within sixty-eight days of the mailing of the last notice of appeal. This period cannot in itself be held to constitute an unreasonable delay in disposing of the appeal, and the plaintiff has produced no facts showing that the appellate tribunal reasonably should have acted thereon prior to the institution of this action. There is nothing to show how or when said tribunal was convened or the time usually required in disposing of an appeal.

The plaintiff thus commenced this action without having first exhausted her remedy within the association in accordance with its rules and articles of association. When this is the fact, the courts will not interfere. As was said by Judge MILLER in *Lafond v. Deems* (81 N. Y. 507, 514): " Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered, and those who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations." It is true that between the starting of the action and the time when the case could be reached for trial, a much longer time elapsed without hearing from the appellate tribunal of the association. This cannot be construed as equivalent to a refusal to act, however, for the reason that when the plaintiff

improperly began this action, the association had a right to await the ruling of the court before taking further action in the matter. Hence this time cannot be counted in favor of the plaintiff.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

Dowling, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.