[Civ. No. 8126. First Appellate District, Division Two.—October 2, 1933.]

JOHN J. HUGHES et al., Respond nts, v. AMERICAN TRUST COMPANY (a Corporation), Defendants; E. B. SPENCER, Appellant.

George D. Collins, Jr., for Appellant.

John J. Dailey for Respondents.

DOOLING, J., *pro tem.*—This is an action by plaintiffs and respondents as officers of Local Union No. 22 of the United Brotherhood of Carpenters and Joiners of America to recover certain money and bonds deposited with defendant American Trust Company prior to September 2, 1921. Appellant Spencer claims an interest in such property and from a judgment in favor of plaintiffs and respondents Spencer takes this appeal.

Prior to September 2, 1921, appellant was a member of Local Union No. 22 which, according to his own testimony, had at that time a membership of 1,097 in good standing. Local Union No. 22 was organized in San Francisco in 1882 as a subordinate union of the United Brotherhood of Carpenters and Joiners of America. Prior to September 2, 1921, demand had been made upon Local Union No. 22 by the president of the United Brotherhood to sever its affiliation with an organization known as the Rank and File Federation of Workers, the principles of which were deemed by the officers of the United Brotherhood to be subversive of the principles of their organization. On September 2, 1921, the members of Local Union No. 22 assembled in regular meeting voted down a motion to comply with this request of the president of their parent body. Thereupon, one W. A. Cole, a member of the general executive board of the United Brotherhood who was present at the meeting with authority to act for the president, declared Local Union No. 22 suspended. On September 6, 1921, a meeting

of members of Local Union No. 22 who had agreed to remain loyal to the United Brotherhood and comply with the president's request, met and voted to reorganize the union and elect as the officers of the reorganized union the same officers who had been in office at the time Local Union No. 22 was suspended. Thereafter, written charges were prepared and served upon the president and secretary of the union and upon one E. E. Wattles, together with a notice of trial to be held before the general executive board of the United Brotherhood at its head office in Indianapolis, Indiana, on October 20, 1921. In the notice the union was directed to appear and show cause why it should not be expelled from the brotherhood. At the trial which followed, the union made no appearance and an order was made, after a hearing, expelling it from the brotherhood. Shortly thereafter a new charter was issued by the brotherhood to the reorganized union designating it as Local No. 22, and ever since that time the association represented by respondents in this action has functioned, and been recognized by the United Brotherhood, as Local Union No. 22. At the time the new charter was presented to the reorganized union in October, 1921, it had 801 members, of whom all but twenty had been members of Local Union No. 22 at the time of its suspension. Appellant Spencer never attempted thereafter to affiliate with the United Brotherhood or the reorganized Local Union No. 22, nor did he nor anyone, either as an individual member or purporting to represent the union, take an appeal from the order of expulsion to the general convention of the United Brotherhood, as provided by its constitution and laws. Appellant Spencer testified "that after the suspension of the said Local Union No. 22 as aforesaid, and at the time the said charges and notice of hearing were served as aforesaid, the said E. E. Wattles was president of an organization called Carpenters' Union, Local No. 22, which was not chartered by any labor organization, but was simply certain fellows together that thought they were still members of Local No. 22; that no one authorized them to take that name of Local No. 22, they took it as members that had their dues paid up, and they were entitled to use it, the way they thought". How long this organization continued in existence does not appear from the evidence. At all times in question, section 30 of

the constitution and laws of the United Brotherhood of Carpenters and Joiners of America provided: "If at any time a local union should withdraw, lapse, dissolve, be suspended or expelled, all property, books, charter and funds held by, or in the name of, or on behalf of said local union must be forwarded immediately by express to the general secretary, to be held in safekeeping for the United Brotherhood, as trustee, for the carpenters of that locality until such time as they reorganize." None of the property, books or funds of Local Union No. 22 were, in fact, forwarded to the general secretary after the suspension and expulsion of Local Union No. 22 in 1921, but the records and property in their meeting room and the original charter issued in 1882 passed into the custody of the reorganized and newly chartered Local Union No. 22, with the acquiescence of the officers of the United Brotherhood, who recognized the newly chartered Local Union No. 22 as the successor of the expelled union.

We may concede to appellant that respondents in this proceeding must recover on the strength of their title rather that the weakness of appellant's. Nevertheless, we are unable to see that the trial court erred in giving judgment to respondents.

Appellant claims that the order of expulsion of the original Local Union No. 22 was in excess of the powers of the United Brotherhood because: 1. The charges should have been served on each individual member of the union; 2. A trial should have been had in San Francisco and not in Indianapolis; and 3. The charges were not of such a character as to justify the order of expulsion. In our view of the case we need not decide these questions. ■ Under the constitution and laws of the United Brotherhood: "A member must exhaust his resources allowed by the constitution and laws of the United Brotherhood before taking his case to the civil courts." A right of appeal to the general convention from the order of expulsion made by the general executive board was allowed and provided for and no such appeal was taken. ■ It is well settled that a member of an unincorporated association must first exhaust the rights afforded by the tribunals of the association before appealing to the courts. (*Levy* v. *Magnolia Lodge*, 110 Cal. 297, 307 [42 Pac. 887]; *Robinson* v. *Templar Lodge*, 117

Cal. 370, 375 [49 Pac. 170, 59 Am. St. Rep. 193]; *Green-wood* v. *Building Trades Council,* 71 Cal. App. 159, 168 [233 Pac. 823].) If appellant or any other dissatisfied member of the organization which called itself Carpenters' Union, Local No. 22, had exhausted the right of appeal to the general convention, the questions urged on this appeal might then properly have been presented to the courts. Instead, they stood by and permitted the order of expulsion to go unchallenged by appeal and saw Local Union No. 22 reorganized and rechartered without taking any steps to attempt to secure redress through the channels provided therefor by the constitution and laws of the United Brotherhood. Appellant finds himself, therefore, in no position to challenge the order of expulsion in this proceeding. ■ This being so, we are satisfied that the present Local Union No. 22, as the recognized successor of the original Local Union No. 22, is entitled to the money and bonds here in question under section 30 of the constitution and laws of the United Brotherhood above quoted, since the property of an expelled union under that section is to be held by the United Brotherhood as trustee "for the carpenters of that locality until such time as they reorganize". The conclusion which we have reached finds support in a very similar case on its facts decided by the supreme court of Washington: *Centralia Labor Temple Assn.* v. *O'Day,* 139 Wash. 331 [246 Pac. 930].

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 29, 1933.