[Civ. No. 11736. First Dist., Div. One. Jan. 29, 1942.]

ROBERT H. SIMPSON, Appellant, v. THE SALVATION ARMY (an Association), Respondent.

372

William F. Herron and Arthur J. Barrett, Jr., for Appellant.

Robert W. Scott for Respondent.

PETERS, P. J.—Petitioner appeals from a judgment entered in favor of respondent after the trial court had sustained a general and special demurrer without leave to amend

to his petition for a writ of mandate. The prayer of the petition is that respondent be directed to reinstate petitioner in his office in respondent organization, and for $25,000 damages.

The petition alleges that The Salvation Army is an association organized for religious and charitable purposes; that for many years petitioner was an officer in said organization, holding the rank of major; that on December 30, 1940, petitioner received a letter from the Chief Secretary for the Western Territory of respondent notifying him that charges had been preferred against him, that a court martial had been appointed to try him on these charges, telling him in detail what his rights were and what the procedure would be, and enclosing a copy of the purported charges; that on January 17, 1941, the court martial convened in San Francisco; that petitioner filed with the court martial objections to the alleged charges and to the appointment and power of the court; that the court disregarded these objections and proceeded with the hearing; that no accuser appeared in the proceedings, the entire evidence being letters and parts of letters written by petitioner to officers of respondent and letters written by such officers to petitioner; that petitioner was not permitted to see or read all of the correspondence introduced into evidence; that on January 20, 1941, petitioner received a copy of the decision of the court martial; that by its decision the court martial found petitioner guilty of disobedience and disloyalty and "recommended to the said respondent that petitioner be dismissed as an officer of The Salvation Army"; that the court martial was convened by the Chief Secretary of the Western Territory; that such person had no authority or right to call or convene the court; that thereafter petitioner addressed a letter to Commissioner D. McMillan, the territorial commander for the western territory of respondent, notifying him that he desired to appeal and requesting information as to procedure; that under date of January 23, 1941, he received a reply from McMillan discussing his case in detail, informing him that his letter would be treated as a request for an appeal, and denying the request for reasons stated; that on January 22, 1941, petitioner mailed a letter from San Francisco, *"VIA AIR MAIL ATLANTIC CLIPPER"*, to Commissioner A. G. Cunningham, Chief of Staff of respondent in London, England, making application for leave to appeal; that "your petitioner has received no reply

thereto to date, although more than a reasonable time has elapsed since said appeal was forwarded to said Chief of Staff;'' that ''petitioner has exhausted all his remedies within The Salvation Army.'' The petition was filed on February 20, 1941.

From this recital of the essential allegations of the petition it is obvious that it does not state a cause of action. This is so for at least two reasons.

In the first place, it is not alleged that petitioner has been dismissed, or that any penalty has been imposed upon him as a result of the court martial. The petition and its exhibits affirmatively show that the court martial's finding is advisory only, and amounts to nothing more than a recommendation to the territorial commander. There is no allegation that the territorial commander has taken any action aimed at removing or demoting petitioner—the allegation is simply that such officer denied petitioner's request to appeal. From the allegations of the petition, and its accompanying exhibits, it is apparent that the decision of the court martial had no legal effect of itself, and that the only way appellant's position in respondent organization could be affected or jeopardized was by order of the territorial commander. No such order is pleaded.

Appellant does not argue this point in his opening brief and has not seen fit to file a reply brief to answer the points made by respondent. It is true that in par. II of the petition it is alleged that ''for many years past, your petitioner has been and until the acts complained of, was an officer of said respondent,'' and in par. XIII reference is made to his ''alleged expulsion.'' Under the facts here alleged these allegations are mere conclusions of law, the truth of which is not admitted by a demurrer. The petition and exhibits demonstrate to a certainty that at the time of filing this petition no dismissal or suspension of petitioner had taken place. Since this is so, no cause of action has been pleaded.

In the second place, the demurrer was properly sustained, because the petition shows on its face that petitioner has not exhausted his remedies within The Salvation Army. It is well-settled in this state that a member of an association of this type must first exhaust the rights afforded him by the tribunals of the association before he may secure redress from the courts. (*Lawson* v. *Hewell,* 118 Cal. 613 [50 Pac. 763, 49 L. R. A. 400]; *Levy* v. *Magnolia Lodge, I. O. O. F.,* 110

Cal. 297 [42 Pac. 887]; *Coffey* v. *Los Angeles Firemen's R. Assn.*, 22 Cal. App.⊕(2d) 510 [71 Pac. (2d) 328]; *Hughes* v. *American Trust Co.*, 134 Cal. App. 485 [25 Pac. (2d) 491]; *Greenwood* v. *Building Trades Council*, 71 Cal. App. 159 [233 Pac. 823]; *Dingwall* v. *Amalgamated Assn. etc.*, 4 Cal. App. 565 [88 Pac. 597].)

 It is true that there is a limited exception to this rule. Where the organization has violated its own laws and regulations and has arbitrarily violated a member's property rights, such as the right to sick benefits, the member need not exhaust his remedies within the organization before resort is had to the courts. (*Neto* v. *Conselho Amor etc.*, 18 Cal. App. 234 [122 Pac. 973]; *Schou* v. *Sotoyome Tribe, No. 12*, 140 Cal. 254 [73 Pac. 996].) Obviously, that exception is not here involved.

 In the instant case the petition affirmatively shows that appellant had not exhausted his remedies within the organization at the time he filed his complaint—in fact, the petition shows that at that very time he was pursuing a remedy provided for by his contract with The Salvation Army. Par. XI of the petition alleges that after receipt of notification of the court martial's recommendation, on January 22, 1941, "petitioner did direct to Commissioner A. G. Cunningham, Chief of Staff, The Salvation Army, International Headquarters, London, England, an appeal from said decision, in accordance with the Orders and Regulations for Courts of Reference. . . ." The petition for mandate was filed within twenty-nine days of the date this letter was sent. It is true that the petition also alleges in the same paragraph "that your petitioner has received no reply thereto to date, although more than a reasonable time has elapsed since said appeal was forwarded to said Chief of Staff." When the petition is read as a whole these allegations are no more than conclusions of law. The trial court was permitted to, and apparently did, take judicial notice of the fact that in January, 1941, England was at war, and that a period of twenty-nine days, in view of the general unsettled world conditions, was not a reasonable time within which to receive the reply. Respondent states in its brief, and this is not denied by appellant, that after this action was commenced appellant received notice from London that his appeal had been granted. It would be doubtful, even if conditions were normal, if twenty-nine days would be a reasonable time to expect a letter to go from

San Francisco to London, for the sendee to read and study the case, and for a reply to reach San Francisco. Certainly, in view of conditions then existing, of which we can properly take judicial notice, it is obvious that appellant did not wait a reasonable time for a reply. In *Holt* v. *White*, 221 App. Div. 558 [224 N. Y. Supp. 507], affirmed in 248 N. Y. 613 [162 N. E. 546], an expelled member of an association appealed to a tribunal within the association. Without awaiting that decision, sixty-eight days thereafter he instituted a court action. Judgment was rendered in his favor. This was reversed on the ground that, as a matter of law, he had not waited a reasonable time to permit the association tribunal to act. The rule of this case is clearly applicable here. Included within the requirement that members of such organizations must exhaust their remedies within the association before resorting to the courts, is the requirement that when a remedy is resorted to the member must give the association a reasonable time to act. The appellant not having waited a reasonable time, has instituted his action prematurely. For that reason, and for the other reason heretofore mentioned, the trial court properly sustained the demurrers.

The judgment appealed from is affirmed.

Ward, J., and Jones (B. C.), J. pro tem., concurred.