David H. Sims et al., Plaintiffs, *v.* Reverdy C. Ransom et al., Defendants.*

Supreme Court, Special Term, Bronx County, October 14, 1946.

* See, also, *Washington* v. *Wright*, 188 Misc. 28.— [Rep.

*Bernard R. Lieberman* for plaintiffs.

*Lewis A. Flagg* and *Pope B. Billups* for defendants.

SCHREIBER, J. In this action by two bishops of the African Methodist Episcopal Church to restrain the defendants, who are also bishops of that church, from proceeding with the hearing of certain charges against the plaintiffs, and for other incidental relief, the plaintiffs move for an injunction restraining such hearing *pendente lite,* and the defendant Ransom makes a cross motion to dismiss the complaint for insufficiency.

The complaint, after setting forth the appointment of the plaintiffs as bishops, alleges in substance that the defendant Ransom (inferentially as acting senior bishop of the church) has appointed a trial court, of which he is to be presiding judge, and has summoned the plaintiffs to appear before such court for the trial of certain charges served upon the plaintiffs; that the said defendant Ransom and the persons designated by him as members of the trial court are prejudiced against the plaintiffs and have indicated their intention to convict the plaintiffs; that the said defendant Ransom is disqualified from acting as presiding judge by reason of the fact that charges have been duly filed against him by a number of duly ordained ministers other than the plaintiffs; that the defendant Davis, claiming, by reason of the charges filed against defendant Ransom, to have superseded him as acting senior bishop, has appointed another trial court to hear the charges against the plaintiffs; that, unless the court intervenes the plaintiff Sims (no corre-

sponding allegation being made in the complaint with reference to the plaintiff Fountain) will be tried twice, and, if convicted by the trial court appointed by the defendant Ransom, will be suspended as bishop, all to the irreparable damage of the plaintiffs. Judgment is prayed for, in substance, restraining the defendant and their appointees from proceeding with the hearing of charges against the plaintiffs, declaring the trial court appointed by the defendant Ransom to be vacant, and restraining the defendant Ransom from acting as presiding judge or appointing another presiding judge or trial court.

Stripped to its essentials, the relief sought by the plaintiffs is a determination that the defendant Ransom is disqualified to act as presiding judge, or to appoint a trial court on the ground that (1) he is prejudiced against the plaintiffs to the point of prejudgment and (2) he is himself under charges.

Even were the complaint otherwise sufficient, it is more than doubtful that a case for judicial interposition has been alleged, in view of the extreme reluctance of the courts to interfere in the internal affairs of private associations. As was said in *People ex rel. Dilcher* v. *German U. Ev. St. Stephen's Ch., Buffalo* (53 N. Y. 103, 111) in which the plaintiff alleged that the governing body of the church had wrongfully expelled him from the congregation: " If injustice was done the plaintiff in this respect, redress therefor must be had, if at all, by ecclesiastical proceedings under the rules or laws adopted by the church for its government and that of its members." Moreover, the injury alleged is prospective merely, and the court is " not called upon to interfere to prevent an injury which is purely anticipatory." (*Moyse* v. *New York Cotton Exchange,* 143 App. Div. 265, 269.)

It is unnecessary, however, to determine whether the injustice alleged in the complaint is of a gravity sufficient in any event to warrant judicial intervention. The complaint is fatally defective in failing to allege that the plaintiffs have exhausted the remedies available to them under the constitution and by-laws of the church. It is a fundamental rule that " Even in cases otherwise warranting judicial interference the courts will not, as a rule, take jurisdiction unless the complaining member has exhausted such remedies as may be provided by the laws of the association itself." (7 C. J. S., Associations, § 34, subd. b, p. 81.) In *Lafond* v. *Deems* (81 N. Y. 507), in which a fraternal organization was involved, the court laid down the rule in this language (p. 514): " Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations so long as the government is fairly and honestly administered, and those

who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations. This had not been done in the case considered, and under the circumstances no action lies.'' The rule thus laid down by the Court of Appeals has been followed in numerous cases in our courts, among them *Holt* v. *White* (221 App. Div. 558, affd. 248 N. Y. 613, expulsion from a fraternal order); *Andrews* v. *Local Union No. 13 Journeymen P., G. & S.* (133 Misc. 899, action by member of labor union to restrain a local from entering into contract fixing wages of members); *Gray* v. *Ferris* (230 App. Div. 416, concerning action of athletic association in passing on eligibility of member to participate in athletic competition); *Cabana* v. *Holstein-Friesian Association* (196 App. Div. 842, cancellation of registry certificate of cattle owned by member of a cattle pedigree record association); *Bertucci* v. *United Cement Masons' Union* (139 Misc. 703, reinstatement of former member of labor union).

Not only does the complaint fail to allege that the plaintiffs have exhausted their remedies within the church; it makes clear that they have not. The constitution of the church, known as its Book of Discipline, is annexed to the complaint and incorporated therein by reference. That instrument provides for a general conference of the church as its governing body. It also provides for a Bishops' Council, which is charged with the duty of regulating and supervising all affairs of the church in the interim between meetings of the general conference. It is, moreover specifically provided (§ 173) that '' the Bishops' Council shall hear complaints and petitions against any one of their number, and shall have power to remove or transfer a Bishop, by two-thirds vote, from a District, if the good of the church demands it, or *give such directions as they in their judgment deem best* '' (italics supplied). It thus affirmatively appears that the plaintiffs do have remedies within the church to which they do not allege they have resorted.

For the reasons stated, the cross motion of the defendant Ransom to dismiss the complaint is granted as to him, with leave to serve an amended complaint if so advised within twenty days after the service of a copy of this order with notice of entry.