[Civ. No. 7402.   Third Dist.   Mar. 1, 1948.]

JOSEPH KILLEEN, et al., Appellants, v. HOTEL AND RESTAURANT EMPLOYEES' INTERNATIONAL ALLIANCE AND BARTENDERS' INTERNATIONAL LEAGUE OF AMERICA, (an Unincorporated Association and Labor Union) et al., Respondents.

Gladstein, Andersen, Resner & Sawyer, Herbert Resner and Thomas J. Horan for Appellants.

Clarence E. Todd, Henry C. Todd and Gordon W. Mallatratt for Respondents.

THOMPSON, J.—The question to be determined on this appeal is whether the trial court abused its discretion in setting aside a temporary restraining order, upon a subsequent hearing of an order to show cause why it should not remain in force pending the trial of the case. Plaintiffs, as officers and members of Bartenders' and Culinary Workers' Union, Local 560, in Solano County, brought suit for permanent injunction against Hotel and Restaurant Employees' International Alliance and Bartenders' International League of America, an unincorporated association and international labor union, having its principal place of business at Cincinnati, Ohio, and its officers, to restrain them from interfering with the property or management of the local union. The local union is auxiliary to and affiliated with the International League, and is bound by its by-laws and constitution. Under section 88 (a) of that constitution, the president of the International League sought to take charge of the local union on account of alleged dissension and conduct of its officers and members detrimental to the welfare of the labor union.

Upon the hearing of the order to show cause why the temporary restraining order should not be set aside, it appeared that dissensions had previously arisen between the

officers and members of the local union regarding control and operation of the organization. Some of the officers, including the plaintiff Killeen, were charged with conduct detrimental to the welfare of, and which threatened to destroy, the union. Those conditions were discussed in an open meeting of the local union held in Vallejo, December 18, 1945. The proceedings were reported by C. T. McDonough, a vice-president of the International League, to that organization. He was instructed to investigate the local situation. He did so, and reported the result thereof to the president of the International League, confirming that report. In a general meeting of the local union, McDonough warned the members that "the dissension in the official family" must cease, or the International League would have to take charge. He told them that "he had a letter in his pocket from the General President instructing him to take over the local if matters didn't straighten up immediately." May 6, 1946, the general president sent McDonough a telegram instructing him to take charge of the local union as trustee and to appoint temporary officers pursuant to section 88 (a) of the constitution. The following day he received a letter from the president confirming his appointment as trustee. McDonough was instructed to prefer charges against the local union and its officers for dissension and conduct tending to disrupt the union. He did so. John A. St. Peter was appointed by the president, pursuant to section 155 (a) of the constitution, as referee or representative of the president, to hear the charges.

Anticipating that Mr. McDonough, the designated trustee, would take charge of the affairs of the local union, plaintiffs filed this complaint in Solano County, May 10, 1946, to permanently enjoin him from doing so. The complaint alleges that McDonough *threatened to take charge* of the affairs of the local union and to appoint local temporary officers, as directed. The same day that complaint was filed a temporary restraining order was issued, containing an order to show cause on May 14th, why a preliminary injunction should not issue restraining the threatened acts of the named trustee pending the trial of the case on its merits. That order to show cause was continued from time to time. The defendants moved to set aside the temporary restraining order. Several hearings occurred. Much oral and documentary evidence was adduced. The transcript of evidence on those hearings

consists of 300 pages. The matter was not determined until September 18, 1946, at which time the court ordered that the temporary restraining order be set aside on the chief ground that plaintiffs failed to appeal from the decision of the president of the International League, or to exhaust their remedies provided for in the constitution of that organization. From that order this appeal was perfected.

In the meantime the charges against the officers and members of the local union were heard at Vallejo, May 17, 1946, "pursuant to notice," before John A. St. Peter, who was deputized by the president for that purpose. The record of that hearing shows that Mr. McDonough, the International vice-president was present, and plaintiffs Killeen and Allen were present, the former being business agent, and the latter vice-president of the local union. There were also present, the president, secretary, members of the board of trustees, members of the executive board and other members of the local union. Oral and documentary evidence was adduced. The referee sustained the charges and reported the hearing to the General International president, who approved the same and decided that the officers and members of the local union were guilty of the charges. No appeal from the appointment of the trustee or of the referee, or from the decision of the general president was taken to the general executive board, or at all, as provided by sections 88 (a), 155 and 156 of the constitution. The plaintiffs in this case failed to exhaust their remedies on account of such decisions.

The appellants in this case contend that the hearing of the charges was held without previous notice, that the decision of the general president of the International League appointing a trustee and directing him to take over the affairs of the local union was arbitrary, unlawful and without due process of law, and that the trial court, therefore, erred in setting aside the temporary restraining order.

It will be observed that the suit for injunction is still pending and that the merits of that action have not been determined. A demurrer to the complaint was overruled. The decision of the general president and the proceedings of the charges against the officers and members of the local union are merely evidentiary and incidental to the order of the trial court setting aside the temporary restraining order. They are material only in determining whether the court abused its discretion in rescinding that order.

We are of the opinion the court did not abuse its discretion in that regard. ▇ It is the settled rule of law that voluntary labor associations affiliated with parent associations are bound by the terms of the by-laws and constitution of the latter, which are in the nature of a contract between the officers and members. *(De Mille* v. *American Federation of Radio Artists,* 31 Cal.2d 139, 142 [187 P.2d 769].) In the case last cited it is said in that regard:

"The articles of agreement, constitution and by-laws of AFRA, both National and Local, constitute a contract with the members, and are binding on the plaintiff. [Citing authorities.]"

▇ The plaintiffs in this case may not complain of a lack of notice of the hearing of charges against the officers and members of the local union for the reason that they were present at that hearing and participated therein. *(Smetherham* v. *Laundry Workers' Union,* 44 Cal.App.2d 131, 136 [111 P.2d 948].)

▇ The plaintiffs in this case are bound by the constitution of the International League, which provides for an appeal from the decisions of the general president determining that an emergency existed in the local union authorizing him to appoint a trustee and to take charge of the local affairs of the union, under section 88 (2), and from his decision finding the local officers and members guilty of conduct detrimental to the welfare of the union. That constitution authorizes an appeal to the general executive board from such decisions. (§§ 88 (a), 155, 156.) No appeal was taken. The plaintiffs failed to exhaust their remedies provided for by the constitution. Having failed to do so, they may not resort to the civil courts or any other tribunal to correct alleged mistakes of procedure before the International League.

▇. It is the established rule of law, with some exceptions not here involved, that officers or members of either parent or affiliated voluntary associations may not resort to the courts to review duly authorized decisions of officers of the associations, in the absence of an appeal and the exhausting of their remedies provided for by the constitution of their organization. *(Stoica* v. *International Alliance of Theatrical Stage Employees,* 78 Cal.App.2d 533 [178 P.2d 21]; *Bush* v. *International Alliance of Theatrical Stage Employees,* 55 Cal.App.2d 357, 365 [130 P.2d 788]; *Hughes* v. *American Trust Co.,* 134 Cal.App. 485 [25 P.2d 491]; Dangel and

Shriber on Labor Unions, § 186, p. 211; 31 Am.Jur. § 70, p. 865; note, 168 A.L.R. p. 1463; Oakes on Organized Labor and Industrial Conflicts, § 63, p. 68.)

The general president of the International League was authorized by section 88 (a) of the constitution to determine that the dissension and conduct of officers of the local union created a situation which was inimical to the welfare and best interests of the union, and therefore to appoint a trustee to take charge of the affairs of the local union, from which decision an appeal lies to the general executive board. That section provides in part:

"88 (a). If the General President decides that any of the officers of a local union are dishonest or grossly incompetent, or that the organization is not being conducted for the best interests of the Local and International he may appoint a Trustee (receiver) to take charge and control of the affairs of the Local Union.

"The Trustee shall be authorized and empowered to take full charge of the affairs of the Local Union, to remove for the period of his trusteeship any or all officers, and appoint temporary officers during his trusteeship, and to take such action as in his judgment is necessary for the preservation of the Local Union and its interests. The Trustee shall report from time to time on the affairs and transactions of the Local Union to the General President. . . .

"Such trusteeship may continue for one year.

"An appeal from a decision of the General President, establishing a trusteeship, shall be to the General Executive Board. But pending such appeal, the order of the General President shall remain in full force and effect."

When charges are made against members or officers of a local union of conduct which creates a situation imminently dangerous to the welfare of the local union, the general president is authorized to hear and determine such charges either in person or by a designated deputy or referee. An appeal from such decision also lies to the general executive board. Section 155 of the constitution provides in that regard:

"Sec. 155. Whenever charges involving a member or members, officer, or officers, Local Union, or Local Joint Executive Board create a situation imminently dangerous to the welfare of a Local Union, Local Joint Executive Board, or the International, the General President is empowered in his discretion, to assume original jurisdiction in such matters,

regardless of the fact that charges have been filed with another body and are pending. Under such circumstances, the General President may hold a hearing upon giving not less than forty-eight (48) hours notice to the persons charged to appear before him at a place and time designated by him. He may then proceed to hear and try the matter and render judgment in accordance with the facts and circumstances presented to him. When the General President has so acted, an appeal shall lie from his decision to the General Executive Board, and from the General Executive Board to the Convention in the same manner as is provided for appeals in other cases. Pending appeal from the General President's action, his decision shall stand and be enforced.

"(a) When the General President deems it necessary to exercise the foregoing emergency power, he may deputize a representative to act for him in such matters. Such representative shall have the same powers as the General President, as herein provided. However, when a trial shall be conducted by a representative of the General President, such representative shall make his recommendations to the General President, orally or in writing, and the decision in the case shall be made by the General President himself."

Section 156 of the constitution provides that:

"Sec. 156. Every affiliate, member, or officer thereof, or International officer against whom charges have been preferred, and disciplinary action taken as a result thereof, shall be obligated to exhaust all remedies provided for in this Constitution and by the International before resorting to any other court or tribunal."

Pursuant to the provisions of section 155 (a), *supra*, John A. St. Peter was appointed by the president as his personal representative and heard the charges preferred against the officers and members of the local union, and made his report and recommendations to the general president, who approved the same and rendered his decision thereon.

All of the aforesaid proceedings of the appointment of the trustee, and of the hearing and determination of the charges, were presented to the trial court on the order to show cause.

The case of *Stoica* v. *International Alliance of Theatrical Stage Employees, supra,* in which a hearing by the Supreme Court was denied, is decisive of the controlling issue of this case. The facts are almost identical with those of the present case. That was a suit for injunction to prevent a designated

representative of the president of the International Union from taking charge and management of the affairs of a local union during an emergency created by dissensions and picketing of the local union, just as was done in the present case, with the exception of the picketing. A hearing of the charges of conduct of the officers of the local union, detrimental to the welfare of the association, was held. The charges were sustained, and the president of the International Union appointed a trustee or representative to take charge of the property and management of the local union under a constitutional provision similar to section 88 (a) which is involved in this case. The trustee took possession and appointed local temporary officers, as directed. The appellants in that case contended that seizure of the property and affairs of the local union was arbitrary, unlawful and without due process of law, as the appellants contend in the present case. The provisions of the constitution of the International Union, relied upon in that case, are quite similar to those which are involved in this suit. The constitution in that case provided for an appeal from the decision of the president to the general executive board, as it does in this case. In the Stoica case the complaint failed to allege that plaintiffs had appealed from the orders or decisions complained of, or that they had exhausted their remedies as provided for by the International constitution. At the trial of that case, defendants' objections to the introduction of evidence offered by plaintiffs were sustained on the ground that the complaint failed to state a cause of action. That suit was dismissed on the ground that plaintiffs failed to exhaust the remedies conferred upon them by the constitution of the International Union, and that the trial court therefore had no jurisdiction of the controversy. On appeal, the judgment was affirmed. The appellate court cited several California cases in support of the principle of law that a local unincorporated association, and its members, affiliated with a national or international organization, are bound by the articles, by-laws and constitution of the parent association. That is exactly what the De Mille case, *supra,* holds. The court said in the Stoica case, *supra,* quoting with approval from *Simpson* v. *Salvation Army,* 49 Cal.App.2d 371, 374 [121 P.2d 847], that:

"It is well settled in this state that a member of an association of this type must first exhaust the rights afforded him by the tribunals of the association before he may secure redress from the courts."

In the present case, for the reason that plaintiffs failed to appeal or exhaust the remedies provided for by the constitution of the International League, the trial court properly rescinded its former temporary restraining order. The complaint fails to state a cause of action authorizing the issuance of such restraining order.

The granting or denial of a temporary restraining order is left to the sound discretion of the trial court. Its conclusions in that regard may not be disturbed on appeal, except upon a clear showing of abuse of discretion. (*General Distillers, Ltd.* v. *Wholesale Liquor Drivers etc. Union,* 57 Cal.App.2d 908 [135 P.2d 592] ; *Palm Springs La Quinta Dev. Co.* v. *Kieberk Corp.,* 37 Cal.App.2d 642 [100 P.2d 346].)

From the record in this case we are unable to say there was an abuse of discretion on the part of the trial court in setting aside the temporary restraining order.

The order is affirmed.

Peek, J., and Adams, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 29, 1948.