[Civ. No. 14841. First Dist., Div. One. Feb. 7, 1952.]

A. V. RIVIELLO, Respondent, v. JOURNEYMEN BARBERS, HAIRDRESSERS AND COSMETOLOGISTS INTERNATIONAL UNION OF AMERICA, LOCAL NO. 148 et al., Appellants.

Todd & Todd for Appellants.

Chauncey Tramutolo and Harold B. Lerner for Respondent.

BRAY, J.—Defendants appeal from a judgment restraining them from demanding that plaintiff join the International and Local Union and from enforcing such demand by removing the union shop card from, and picketing, plaintiff's barbershop.

QUESTION PRESENTED

Does the constitution of the International offer plaintiff equal membership with other members? If not, does the

constitution or the interpretation thereof by the International president and executive board control?

## FACTS

Plaintiff A. V. Riviello owns and operates a barbershop in San Francisco.[1] Plaintiff employs journeyman barbers and in addition to being the proprietor of the shop he works therein at the trade as a journeyman barber. Plaintiff has a union shop card issued by defendant union, as his journeyman barber employees are members thereof. He has executed agreements with the union concerning working conditions, hours and wages. The union has threatened to withdraw the union card and to picket his shop unless he joins the union. Plaintiff brought this action to restrain them from so doing. An application for a preliminary injunction was denied and plaintiff appealed. (*Riviello* v. *Journeyman Barbers H. & C. Int. Union,* 88 Cal.App.2d 499 [199 P.2d 400].) We there held that to compel an employer who works at the trade in competition with union members, to join an employee union, is a proper labor objective, provided the organization offers such working employer[2] the same rights of membership held by the other members. It appeared from the constitution of the International, as it then stood, that the only membership offered plaintiff was a ''non-active membership'' which denied him, among other things, the right to attend meetings or to vote therein. We instructed the trial court to issue the preliminary injunction.

On the trial of the case, it appeared that the constitution had been amended, and a decision of the president of the International and the executive board obtained to the effect that the constitution now permitted working employers full membership in, and equal rights with, the other members of the union. A letter from the local to plaintiff, offering him such rights, was admitted in evidence. The trial court, however, held that the constitution does not permit a working employer full membership and that the interpretation thereof by the president and International executive board could not change its plain language, and gave judgment granting plain-

---

[1]After the filing of this action by the partnership of which A. V. Riviello was a member, it was dissolved and he became the sole owner of the business. He will be referred to herein as plaintiff.

[2]The term ''working employer'' used herein means an employer who, in addition to employing others, works with them with the tools of his trade.

tiff an injunction restraining defendants from demanding that plaintiff join the union and from removing the union card or picketing plaintiff's shop. This injunction is to remain in effect unless the constitution is amended to provide full membership rights for working employers.

The provisions of the amended constitution applicable here follow: Article VIII, section 3, Constitution of the Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America, after defining an employer as any person who owns or operates a barbershop and employs steadily one or more full-time barbers, states: ". . . provided, however, that employers who are working with the tools of the trade must become proprietor members of the local *union* and International Union if barbers or beauticians." (Italics added.) Article XVII, section 3, provides: "A proprietor, shop owner, or employer working at the trade and who has never been a member of this organization and who desires to operate a union shop must make application for membership. A proprietor member working with the tools of the trade shall be entitled to voice and vote in meetings of the local union, *but shall be ineligible to vote on matters pertaining to wages, hours of labor, etc. And shall also be ineligible to any office in the local or International Union or to act as delegate or alternate to conventions.*" (Italics added.)

The constitution provides for two types of organizations under the International, one, called employers' guild, the other, called the local union. There does not appear to be any definition of the difference between them. Article VIII, section 1, provides: "Any competent barber . . . may, upon application to and being accepted by the nearest local union or employers' guild, become a member thereof . . ." What the functions of the guild as distinguished from the local union are, does not appear. Apparently, although the constitution does not say so, it is the intention that employers (as distinguished from working employers) shall join the guild, while employees shall join the union. The regulation of hours of labor, prices and wages, is exclusively in the union. Members of local unions may attend meetings of the guild and vice versa, and are entitled to all "courtesies" including the privilege of the floor, except where the local or the guild president declares the meeting in executive session.

■ It is obvious from a reading of article VIII, section 3, which expressly requires working employers to become "pro-

prietor members of the local *union*" (not guild; italics added) with that portion of section 3, article XVII which provides that a working employer, although entitled "to voice and vote in meetings of the local union" is expressly made "ineligible to vote on matters pertaining to wages, hours of labor, etc.," and "ineligible to any office in the local or International Union or to act as delegate or alternate to conventions"—that the working employer member does not have equal rights with the other members, and hence a discrimination exists. In our decision in 88 Cal.App.2d 499 [199 P.2d 400], we held that there must be no discrimination. It should be said that some of the discrimination which existed at the time of that decision has been removed by amendment of the constitution, but it is obvious that all discrimination has not been removed.

### Ruling of the President and Executive Board

Defendants earnestly contend that the ruling of the president and executive board to the effect that the constitution gives working proprietors equal rights with other members controls.

Article VI, section 1, provides that the General President-Secretary-Treasurer[3] "shall have the power to decide all questions of law . . . " Article III, section 6, provides: "Should any question arise which would tend to demoralize or affect the welfare of the International Union" the president is empowered to call a meeting of the general executive board "and settle any and all questions pertaining to the welfare and advancement of the International Union." There was introduced in evidence the decision of the president, which reads: "A question of law having arisen respecting the membership rights of employing barbers who work with the tools of the trade and who desire to affiliate with a local union, and this question and differences of opinion thereon having created some confusion in the operations of the International and of various local unions, the General President-Secretary-Treasurer, under his powers as such officer and in particular under the powers conferred upon him by article VI, section 1 of the Constitution, hereby makes the following decision and adjudication on the question of law involved:

"The requirement to make application for membership, found in the third paragraph of section 3 of Article XVII

---

[3]Herein, for brevity, referred to as "president."

of the constitution (page 46), means application for membership in this International either for membership in the Employers Guild or in a local union.

"The words 'proprietor-members,' as used in the fourth paragraph of section 3, Article XVII (page 46) of the International constitution, is hereby interpreted and means a proprietor-member of the International who is not a member of the local union, that is to say, who is a member of the Employers Guild. While such member has a right to attend meetings of the local union, as provided in section 10 of Article XVII, he shall in no case be entitled to vote in the local union on matters pertaining to wages, hours of labor, and other related matters.

"It is further decided and adjudged that any employing barber who works with the tools of the trade and who desires to become a member of the local union may apply to the nearest local union, under the provisions of Article VIII of the constitution; and if qualified under the provisions of Article VIII his application for membership shall be considered and voted upon on exactly the same terms as the application of a journeyman barber. If admitted to membership in the local union he shall have the same voting and office holding rights as any other member of the local union.

"It is further decided and adjudged that the provisions of section 3 of Article VIII, requiring that employers working with the tools of the trade must become proprietor-members of the local union, means that if they are otherwise qualified for membership in the local union under Article VIII of the constitution they shall, if elected to membership, have full voting and office holding rights in the local union.

"(UNION SEAL)

"This is to certify that said ruling was adopted by the unanimous vote of the General Executive Board of the Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America, as submitted April 6, 1949.

"(UNION SEAL)  SIGNED /s/ W. C. BIRTHRIGHT

General President-Secretary-Treasurer."

Upon the making of this decision defendant union notified plaintiff in writing that pursuant to resolution of its members, he was invited to affiliate with it "as an active member, with all rights of membership, including the right to vote and the right to hold office, including the right to serve as a delegate to all conventions, if elected to such position."

Defendants contend that either the constitution clearly shows no discrimination against working proprietors (we have heretofore pointed out that it does), or the provisions bearing on the subject are ambiguous and hence the ruling of the president and executive board clearing up the ambiguity controls. ■ It cannot be contended that, in the guise of clearing up an ambiguity, the president or the executive board or both, can, in effect, amend the constitution, if actually no ambiguity exists. So the question now is, is there any ambiguity in the language of the constitution? We are unable to find any. The ruling of the president and board attempts to add to article VIII, section 3, which deals with admissions to membership and which requires working employers to join the local union, a whole new thought, namely, that such membership will give him full voting and officeholding rights in that union. It is clearly an attempt to amend that section. Then the ruling attempts to read into article XVII, section 3, the meaning that the working employers referred to therein (and who under article VIII must belong to the local union) are only those who join the guild and not the union. This does not make sense, because besides violating the plain intendment of the section, working employers are not compelled to join the guild but must join the union, and because such interpretation completely ignores the provisions of section 10 of the same article which provide, in effect, that guild members visiting a union *"may* be extended all *courtesies* including the privilege of the floor" (italics added) except when the meeting is in executive session. Certainly no one would contend that the permissive granting of courtesies to a guild member would include the right to the limited "voice and vote" in meetings of the local union set forth in section 3 as to working employer members of the union which the ruling attempts to make applicable solely to guild members. We can see no escape from the proposition that, laudable as the efforts of the president and executive board are in endeavoring to eliminate from the constitution any discrimination against working employer members of a union, their ruling is an attempt to amend the constitution, which admittedly they had no power to do.

■ Defendants have cited certain cases as authority for their contention that the interpretation of the constitution by the president and executive board is binding on the courts. The cases do not support that proposition. *Stoica* v. *International etc. Employees,* 78 Cal.App.2d 533 [178 P.2d 21], and

*Killeen* v. *Hotel & R. Emp. etc. League,* 84 Cal.App.2d 87 [190 P.2d 30], merely held that members of either parent or affiliated voluntary associations may not resort to the courts to review decisions of their officers in the absence of exhausting the remedies provided by the constitution of their organization. In *De Mille* v. *American Fed. of Radio Artists,* 31 Cal. 2d 139 [187 P.2d 769, 175 A.L.R. 382], the court stated (p. 147) ; ''The practical and reasonable construction of the constitution and by-laws of a voluntary organization by its governing board is binding on the membership and will be recognized by the courts.'' In our case, however, the construction of the constitution by the president and executive board is not a reasonable one.

Defendants state that they are seeking no technical advantage, and that they, in the utmost good faith, are offering plaintiff full membership in the local and International without any discrimination. They are even willing that this court amend the judgment and injunction in such manner as to permit its application if at any time after plaintiff joins the union there is any discrimination against his rights as a member. Moreover, they point out that plaintiff has stated, in effect, that he will not join under any circumstances. Unfortunately we must consider the constitution as we find it. It may well be that defendants will completely ignore its restrictions. We, however, are bound, in considering the legal rights of the parties, by its terms. Until defendants are legally in a position to assure and guarantee under the provisions of the constitution of the organization a working employer member of the local union, equal rights with other members, we cannot remove from him the protection which is rightfully his. On the other hand, once he can be given those equal rights and he refuses to join, then, as we held in our prior decision, he is subject to union sanctions.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 8, 1952, and appellants' petition for a hearing by the Supreme Court was denied April 3, 1952. Carter, J., Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.